Emery now moved that the guardian of Louisa Adams, an infant under the age oí twenty-one years, and daughter and heir of the deceased, might be admitted to come in, and in her behalf contest, with the appellant, the claims which had been allowed to the appellees.
But the Court refused to admit the guardian. They said the act of June 15th, 1784, for the distribution of insolvent estates, has provided for all possible cases; that the administrator ought to have objected to these claims, and put the appellees to their action at common law; that if he wilfully neglected his duty in this particular, it would be unfaithful administration ; and the heir or any other person injured might have a remedy against him, on his bond.
Parker then observed that the question in this case is between the appellant and the appellees, and that, by the act of March 12,1784, (stat. 1783, c. 46, § 4,) any person aggrieved at any decree of a judge of probate might appeal therefrom to this Court; and he suggested that the Court might remit the case to the judge of .probate for the purpose of having new commissioners appointed to receive, examine, &c., these claims; before whom the administrator might make his objection to the same.
But the Court said they were inclined to think that there must be application mad.e to the legislature to open the case, so that the administrator might object, &c., and have the claims put into the course pointed out by the statute. And the case was accordingly continued, by order of Court, for that purpose. (1)
(Sedgwick, Sewall, and Thacher, justices, present.)

 See post, vol. ii. 80, S. C.