Sewall, J.
[After stating the action, and the agreement of the parties.] The plaintiffs now demand the principal sum; and it has been argued that they are entitled to have it paid into their hands, because, no trustee being distinctly named by the testator, the legacy vests in the plaintiff Eunice Saunderson, subject to the remainder, at her decease, for the benefit of her issue. And in support of this argument, two cases have been cited of lega- [ * 39 ] cies adjudged to have vested absolutely in the legatees, * although made in trust, and subject to a further appointment.
The cases cited are of a legacy to one, to be disposed of as the testator should afterwards direct; and of a legacy to one, to be disposed of as the legatee should think fit. No further appointment having been made, they were adjudged to vest absolutely in the first legatees.
These cases are, however, very little analogous ; for in the case at bar, the testator has plainly declared the ultimate disposition of the legacy in question. The plaintiff Eunice Saunderson has only an annuity for her life; and to give her the principal might defeat the intention of the testator, in his provision for her issue, to whom the principal sum is to go at her decea'se.
But the supposed difficulty does not occur ; for there is a trustee, if not named, yet arising by a plain implication from the words of *33 the bequest, who is entitled to retain the legacy during the life of Eunice Saunderson. The executor named in the will, or any person who may become by law intrusted with the execution of it, is the trustee of the legacy during the life of Eunice Samiderson. The principal sum is to be raised out of the testator’s money at interest— an office to which the executor, or person intrusted with the administration according to the will, is alone competent. And from the circumstance that no person is named, to whom the money, when collected from this particular fund, is to be immediately paid over, we can only argue and conclude, that he who collects is appointed to retain, and “ keep it in stock,” according to the words of the testator, subject to the disposition he has made of the income of it during the life of Eunice Saunderson, and to be paid over, at her decease, to her issue.
Upon the whole, the plaintiffs in this action cannot prevail without directly violating the intentions of the testator in restricting the right of Eunice Saunderson to the interest, * pay- [ * 40 ] able annually during her life, of the sum ultimately bequeathed, at her decease, to her issue.
According to the agreement, by which this case is referred to the decision of the Court, the plaintiffs are to become nonsuit.

Plaintiffs nonsuit