Wilde J.
delivered the opinion of the Court. The defendants contend that the breach assigned in the replication is not sufficient in law to maintain the action.
The will directs the executors to dispose of and invest the personal estate in public funds, in the most secure and advantageous manner, and to appropriate and apply the income thereof to the maintenance and education of the testator’s children, during their minority, and afterwards to distribute the property among them in equal shares.
If this were an action on a bond at common law, the breach undoubtedly would be considered well assigned ; it being sufficiently precise and particular, and in the words of the condition ; but in an action on a probate bond the plaintiff cannot be entitled to judgment, unless the bond is conformable to the statute in all its material parts, and if more be added than the law requires, although it will not vitiate the whole bond, unless the matter be illegal, yet no breach can be assigned in any part of the condition not included within the requisitions of the statute ;[1] and the defendant’s counsel contend, that the breach is assigned in that part of the condition which was not required by the statute, and is therefore immaterial. By the St. 1783, c. 36, the form of an administrator’s bond is prescribed, and executors are required to give bond in the same manner as administrators. But the statute does not require that the form of the bond shall be precisely similar ; and it cannot be so construed, without involving the absurdity of reqiring the same acts to be performed by executors and administrators, although it is admitted that in one particular at least, namely, the distribution of the assets, their duties are variant and repugnant. And so far as they are thus variant, the forms of their bonds *412 may and ought to var) But this formal objection is not con sidered as very important, since, if the plaintiff is right as to t}je principal point, he would be entitled to judgment, although the condition of the bond were precisely similar to the form prescribed for administrators; for if under the directions of this will it was the duty of the executor to invest the testator’s personal estate, and he failed so to do, it would be immaterial whether the bond were given in its present form, or in the term prescribed for administrators ; for whether he was bound to administer the estate according to law, or according to the will, the legal effect would be the same ; provided the law required the executor to perform the directions of the will; and if he was not thus bound, then clearly the breach now assigned is immaterial and insufficient.
The great question, therefore, is, whether the executor was bound to invest the personal property as directed in the will, by virtue of his office as executor ; or whether this direction, from its nature, does not involve a trust superadded to the legal duties of an executor, and for the non-performance of which the defendant as surety is not responsible.
The defendants’ counsel contend, “that the office of executor, (so far as the law furnishes other security than the personal responsibility of the executor for the faithful performance of its duties,) consists in the care of the funeral, in the probate of the will, in the payment of debts and the payment of or assent to legacies; and ceases when the residue is paid over to the legatees, or a transmutation of property is effected by the act of the executor, or by the operation of law.”
We think, however, very clearly, that" the duties of an executor are not confined within such narrow limits. There are other important duties which devolve upon him, the performance of which is intended to be secured by his official bond. He is required to keep the property of the testator, while remaining in his hands as assets, without suffering it to be wasted and to account for it under oath, when cited by the probate court for that purpose ; and if he fails in either of these particulars, it will amount to unfaithful administration and a forfeiture of his bond. Or if he neglects to object to claims against the estate, which cannot be recovered by law ; as in the case of *413 Parsons v. Mills, 1 Mass. R. 431, and 2 Mass. R. SO; or if judgment be recovered against him on a suggestion of waste, the judgment creditor will be entitled to a remedy against him on his probate bond. Fay v. Bradley, I Pick. 194.
So also where an annuity was devised, and the executor was authorized to sell lands sufficient to raise a fund for the payment of the annuity, and he failed so to do, it was held to be an unfaithful administration, and a breach of the condition of his administration bond. Prescott v. Pitts, 9 Mass. R. 376. And generally the executor is bound to comply with the directions of the will, so far as they may relate to the administration of the estate, and may be beneficial to the assets while in his possession for that purpose ; and a neglect so to do would be an unfaithful administration of the estate, for which he and his sureties in the bond would be responsible.
The question then recurs, whether the direction to invest the personal property is such a direction as relates to the administration of the estate, and is binding on the executor.
In the case of Forbes v. Ross, 2 Bro. Ch. Rep. 430, it was decided, that where an executor was directed to lend a sum of money at the best interest, which at the time of the testator’s death was outstanding at four per cent, and the executor suffered it so to continue, he should be personally liable to pay five per cent.
And in the case of Raphael v. Boehm, 11 Ves. 92, the executor having failed to accumulate the interest, by investment in the public funds for that purpose, in compliance with the direction in the will, he was held liable to be charged with interest; and the same principle was laid down in the case of Dornford v. Dornford, 12 Ves. 127. These and many other similar cases are grounded on the principle, that such directions, being beneficial to the estate by enlarging the assets, are binding on the executor ; and that a failure of compliance on his part is a breach of his official duty. And his duty is the same, whether he is bound to give security for its performance or not.
The cases cited to show that a court of chancery will direct the assets to be invested, when the interests of all concerned require it, are supposed by the defendants’ counsel not to be applicable to the present question. We think, however, they *414 have considerable bearing ; for they show that such a direction 'n the course of administration is proper ; and there seems to be no good reason why a similar direction in the will should not be binding on the executor, or administrator cum testamento annexo. Such a direction may be reasonable, and in many cases must be highly important to the interests of the legatees. The estate may be large, and may long remain in the hands of the executor, before the administration can be brought to a close. Four years are allowed to creditors to bring in their claims , and these may be litigated, and cause still further delay in the final settlement of the estate. Legacies may be made payable at a remote period, which is frequently the case when the legatees are minors, as was the case in the present instance.
Under all or any of these circumstances, to allow the assets to remain unproductive in the hands of the executor, would be exceedingly unreasonable ; we see no reason why the direction in the will, intended, no doubt, to guard against such an abuse of trust by the executor, should not be complied with.
It has been questioned, whether, if the executor should invest the assets in the public funds, he would not be held answerable for any loss which might happen by the fall of stocks. But it is clearly settled, that the executor cannot be prejudiced in this manner. Either the legatees must receive the stock, or if it be disposed of at a loss, the loss will fall on the residuary legatee. Toller, 427. And so it is, where an executor or administrator invests the assets in public funds without directions, provided he acts with good faith and reasonable discretion. And, a fortiori, he is not to be subjected to any loss, when he acts in compliance with the express direction of the will. In the present case the executors are directed to dispose of and invest the testator’s personal estate in the public funds, and to appropriate and apply the income thereof to the maintenance and education of his children during their minority. The intention obviously was, that the investment should be made without delay, for the income is appropriated to the maintenance and education of the children ; it is, therefore, a stronger case than those where investments are ordered for the purpose of accumulation merely. The object was to convert the personal estate into stocks, the income of *415 which was to be immediately appropriated ; and this object could be accomplished by no one but the executors, or the person intrusted with the administration, according to the will.
The direction in the will, so far as it relates to the investment of the assets, did not devolve any special personal trust on the executors. They were not bound, perhaps, to superintend the education of the children ; or if they were, this would be a personal confidential trust, not appertaining to the office of executor, or that of administrator cum testamento annexo. But the direction to invest was intended for the security and productive value of the assets, and would be binding on any one intrusted with the execution of the will. Prescott v. Pitts, 9 Mass. R. 376 ; Saunderson v. Stearns, 6 Mass. R. 37 We think, therefore, that the executor was bound to invest the proceeds of the sale of the personal property ; and without waiting for the settlement of the estate : reserving, however, and keeping on hand, such a sum as the exigency of the testator’s concerns might require ; as to which he was to exercise his best discretion. But he was not allowed to suffer a large sum to lie idle in his hands, and much less to mingle it with his own funds, thereby exposing it to the hazards of-trade. This was unfaithful administration, and a violation of his official duty, for the security against which the bond in suit was given, and for any breach in the condition of which the principal and surety are alike liable.
This being the opinion of the Court, it becomes unnecessary to consider the other questions in the case, which have been so fully and ably argued by counsel. These questions may become important on a hearing in chancery, but they are not in issue by the present pleadings. It is true they have some bearing on the question now to be adjudged, and when fully weighed and considered, they will be found to support and fortify the opinion already given. It has been argued, that when the testator’s debts were all paid, the duties of the executor terminated ; and that, thereupon, by operation of law, there was a transmutation of property in the assets to the executor, in his capacity as trustee to the minor children. This trust, however, was confined to the support and education of the children, and the income of the funds was alone appropriated for these pur *416 poses. The executor had a right to retain the funds for the purpose of distributing them among the children, when they should respectively become of age. If another person, therefore, had been appointed trustee, he could only have a right to demand the income of the funds from the executor.
And again, before there could be any transmutation of property, as contended for by the defendants’ counsel,- the executor must have settled his final account of administration in the court of probate, in which the balance due from him as executor should be allowed to his credit, as being retained by him in his capacity as trustee for the minor children. And such an allowance would not, it is to be presumed, be made by the judge of probate, without first requiring him to give bond for the faithful performance of his duties as trustee. The case of Wyman v. Hubbard, 13 Mass. R. 230, may be considered, perhaps, as somewhat opposed to this reasoning ; but nothing in opposition was expressly decided in that case. The only question was, whether the executor was chargeable for interest, and the Court was of opinion that he was not; but the facts are not fully stated, and probably the point now under consideration was not much discussed ; certainly it was not decided. Nor is it necessary, as before remarked, to decide it now. The only question now to be determined is, whether it was the duty of the executor to invest the assets according to the directions of the will; and we are of opinion that it was.[1]
But we must not be understood as deciding that the circumstances of the estate might not be such as to excuse the executor in omitting to make an investment. The assets may have been inconsiderable ; or it may have been thought necessary to retain them for the payment of debts. Under such circumstances the executor must act according to his best discretion ; and his proceedings will always be entitled to a favorable construction. But if any such circumstances existed in this case, they should have been pleaded. As the pleadings now stand, we are of opinion that the plaintiff is entitled to judgment for the penalty.

 Official bonds, when not conformable to the statute that requires them, though they may be good at common law, can be enforced only according to the rules of the common law. See Branch v. Elliott, 3 Devereux, 86; Justices v. Armstrong, 3 Devereux, 286; Miller v. Commissioners, 1 Hammond, 271, Governor v. Twilty, 1 Devereux, 153.

Dorr v. Wainwright, 13 Pick. 328; Town; v. Ammidon, 20 Pick. 539, 540 Claggetl v. Hardy, 3 Pick. 148.