The opinion of the Court was drawn up subsequently by
Shaw C. J.
This appears to be a very plain case. If does not appear to us to involve the question discussed at the bar, namely, whether by law there can be a bequest of personal property to one for life," with a limitation over, though we do not mean to intimate a doubt upon that question. By the terms of this will the testator gives to his wife the use, profit and benefit of one half of his real and personal estate. These words are to be construed in reference to the subject matter. The use of furniture, plate, pictures and the like, may consist in the actual occupation, and to the use and enjoyment of such property, therefore, a delivery over to the legatee may be necessary. But the use and profit of money con *186 sists in the interest and income. The whole of the property itself was given to the sons and daughters, one half of it payable on the settlement of his estate, and the other subject to the use thereof first given to his wife, and by necessary implication payable after the decease of .the wife. But both payments are'to be made by the executor, and therefore, by another necessary implication, where no other person is constituted trustee, the property must remain under the control of the executor, to enable him to invest the money, pay the income to the widow during her life, and then distribute the principal according to the directions of the will. Saunderson v. Stearns, 6 Mass. R. 37.
No question arises in this case as to the real estate or the furniture and other chattels of the testator. All these have been distributed since the decease of the life-tenant, in a man ner satisfactory to the parlies. The only question is in regard to one moiety of the cash balance of the testator’s personal property, in the hands of the executor, after the payment of debts and legacies and the settlement of the estate. This balance, though not distinctly stated, we understand to have been 0 2670.74, and that the 073.74 paid over to the widow was interest which had accumulated after the death of the testator and before «the payment to the widow. If this is not so, this balance must be set right by agreement or proof.
We lay entirely out of the case the bond given by Phinehas to the widow, on her conveyance of her interest in the real estate to him. It was a purchase by him, which he could rightfully make, and with which the plaintiff has no concern. The same may be said of the agreement of some of the legatees, made with the consent of the widow. So far as that agreement contemplated a distribution of a part of the income which belonged to the widow among themselves, it was a gift by the widow to them of her own property, which she had a right to make, and cannot affect the rights of the plaintiff, who was no party to it. So far as that agreement contemplated a distribution of the capital of the personal property, in equal shares, instead of the unequal proportions established by the will, it was a binding agreement among themselves, legally good by way of assignment of part of their shares, by those *187 who had larger shares to those who had smaller, so as to produce an equality, but did not affect the rights of the plaintiff, for the reason already given, that he was no party to it.
The plaintiff is to recover in the same manner as if no such agreement or arrangement had been made, standing as he does, in all respects, unaffected thereby. He is entitled to two fifteenths of the net balance or residue of the testator’s personal property ; he is also entitled to the like proportion of the interest which has been received on the fund by the defendant since the death of the widow, upon the common principle, that when an executor or other trustee receives interest upon the trust money, he receives it to the use of the cestui que trust and shall account to him. But all the income received from the fund, from the decease of the testator to that of the widow, is the property of the widow, and the defendant must account to her or her personal representative for it. If it did not go to the other legatees, by force of the widow’s agreement, the defendant would be held to account to her executor or administrator for it; and therefore that circumstance could not affect the plaintiff’s rights. He can claim no part of the $73-74, because it was interest which accrued after the death of the testator and rightfully belonged to the widow ; nor of the $ 103, because, although it was in the defendant’s hands at the time of her decease, yet he held it for her use.
But on the other hand, the defendant has no right to charge upon this fund, any funeral charge, or other expenses paid on account of the widow. These charges must all be stricken out'; They are charges upon her estate and not on this fund ; and if the parties interested have preferred settling her estate without an administration, it cannot affect this fund.
In this commonwealth it has been held, that a trustee is entitled to a reasonable compensation for services. The defendant, in his capacity of executor, must have been paid a compensation for his services, in collecting in the assets of the estate, and the residue in his hands must be considered as the balance in cash. The charge therefore for collecting in the debts of the estate, is one of probate jurisdiction, and must be presumed to have been allowed on settlement of the estate, and as such therefore cannot be admissible here. But regard *188 ing it as a charge for investing the money and keeping it at interest, during the life of the widow, and collecting it in after-wards, we can perceive no objection to it, nor to the rate of commission. We think also that a commission of 2§ per cent, upon the interest collected since the death of the widow, is a reasonable compensation, and ought to be allowed. The commission upon the interest collected and paid over to the widow, might have been a very just charge against her, but cannot be a charge upon this fund.[1]

 See Dixon v. Homer, 2 Metc. 420; Rathlun v. Colton, 15 Pick. 472, Hayward v. Ellis, 13 Pick. 279.