## Nathaniel Dorr, Appellant, *versus* Peter Wain Wright Junior *et al.*

In the case of a general legacy to one for life, with remainder over, if no provision is made in the will for the appointment of a special trustee to manage the fund and pay over the income to the legatee for life, it is incumbent on the executor as such to perform those duties; and his bond as executor will cover his proceedings in relation to such legacy.

Where the executor does not renounce the trust in regard to such legacy, but on the contrary, declares that he is ready and desirous to execute it, and where no party interested desires the appointment of any other person or the taking of new bonds, it is competent and proper for the judge of probate to decline granting a new commission to the executor as trustee.

Whether, in case the executor should renounce such an implied trust and request the appointment of another trustee, or in case the *cestui que trust*, for just cause should apply for such an appointment, it would be competent for the judge of probate to appoint and commission a new trustee, *quære.*

Probate appeal. Nathaniel Dorr was appointed sole executor of the last will of Susannah Lambert, and having proceeded in the discharge of his duties as executor, and there being a surplus to be disposed of, he presented a petition to the judge of probate, representing that by the will he was appointed trustee of certain personal estate, of the value of about 7000 dollars, bequeathed to him in trust for Susan Dorr and three others, daughters of the testatrix, and such of their children as shall be living at their decease, and the issue of such children as shall have deceased in the lifetime of their respective mothers, and that he had accepted the trust and was ready to give bond for the faithful execution thereof; and he therefore prayed that he might be duly commissioned to discharge the same.

The provision in the will relied on in support of the petition, was as follows : —

" I give &c. one quarter part of all my estate, real, personal and mixed, to my daughter Susan Dorr, wife of Nathaniel Dorr, to have and to hold the same to her for and during her natural life, and at her decease, to go to such of the children of my said daughter Susan, now born or to be born, who shall be living at the time of her decease, to have and to hold the same to them, their heirs and assigns forever ; and the legal representatives of any child of my said daughter, who may have deceased, to be entitled to the same share

as his or her parent would have been, if then living. And whereas it may be necessary for the interest and advancement of my daughter Susan's children, or some of them, that the part of the real estate hereby given them should be sold, I do therefore hereby authorize my executor to grant, sell and convey the same or any part thereof &c., and the proceeds of such sales shall be appropriated by my executor according to the intent of this my will, and shall be secured by such bonds as the judge of probate for the county of Norfolk shall require."

A devise precisely similar was made to each of the other three daughters and their issue.

The judge of probate determined that the petitioner was not, by the will, appointed trustee in the manner and for the purposes set forth in his petition, and ordered that the petition be dismissed. From this decree the petitioner appealed.

W. B. Dorr for the appellant.

W. Phillips, for the appellees, cited *Saunderson* v. *Stearns*, 6 Mass. R. 37 ; *Claggett* v. *Hardy*, 3 N. Hamp. R. 148 ; *Ellis* v. *Essex Merrimack Bridge*, 2 Pick. 243 ; *Hall* v. *Cushing*, 9 Pick. 395.

The opinion of the Court was afterwards drawn up by

SHAW C. J. [After stating the facts.] Whatever questions might arise upon the effect of this devise of the real estate, they are not now under consideration, and the only question is, what is the effect of this clause in the will, as a bequest of personal property.

It does not appear from the decree what were the grounds upon which the court of probate decided ; if therefore there are sufficient legal grounds upon which it can be sustained, it ought not to be disturbed.

It is not contended, that by any clause in the will the appellant was *expressly* appointed a trustee ; but he contends, that the effect of the foregoing bequest was, to give to the daughters an estate for life in the personal property, with a contingent remainder to the children who might be living at her decease ; that consequently the property is not to go into the hands of the daughters as the first takers, but into the hands

28 *

of a trustee to invest it, and pay over the income to the daughters during their natural lives, and at their decease, to distribute it among the surviving children, and the representatives of those deceased, according to the terms of the will ; that as no trustee is named for that purpose, the executor is to be deemed a trustee by implication, and so the allegation in his petition, of his having been appointed a trustee, is in legal effect sustained.

As to the effect and operation of this bequest of personal property, we are satisfied that it is correctly stated above. A bequest of personal property to one for life with remainder over, is a good bequest, though any further limitation over, or the limitation of an estate tail after an estate for life, would be void, and the legacy would become absolute in the second taker. When such a bequest is specific, there may be difficulty, in carrying it into execution, depending upon the nature of the property and the mode of use and enjoyment. If it be valuable only for the possession, as plate or pictures, the beneficial enjoyment of the legatee for life, requires that it go into his possession, he giving security or filing a schedule, or doing such other act, as, according to the nature of the case, may be necessary for securing the interest given to those in remainder.

If the property be such as must be necessarily consumed in the enjoyment, as wine or provisions, the gift over may be void, unless a portion of the property should happen to remain, and be in a condition to be distinguished and identified, at the death of the first taker.

But it is needless to pursue this inquiry further, because it is quite clear, that in the present case, the legacy is general and not specific. It is a gift of one quarter of all the testator's personal estate ; this is of course of all that may remain after the payment of debts. It is therefore similar in principle, to a gift of the residue. The quarter part is one fourth of the personal estate which may remain to be distributed, after the estate is fully settled, in an orderly course of administration. No specific article is bequeathed. The debts are to be collected and the property sold, and the whole reduced to money. It is a quarter part of the money fund in the hands of the executor, upon a final settlement.

Such being the nature of the gift, it falls within a rule, now well settled, that a gift of a fund or sum of money to one for life, with remainder over, is a gift of the interest or income only to the first taker, and the fund itself is not to be paid to the legatee for life, but to be in the hands of a trustee. We also consider it to be now settled by a series of decisions in this commonwealth, that when a testator, by his will, either in express terms, or by legal implication, has given the income of a sum of money to one for life, and then the principal to another, and has not in terms placed it in trust with any trustee other than the executor, it is the province and duty of the executor as such, to hold and invest the fund in some secure and productive stock, or at interest on good security, and to pay over the income from time to time, within reasonable times, to the legatee for life, and at the decease of the legatee for life, to pay out the principal to the person then by the will entitled to it. *Saunderson* v. *Stearns*, 6 Mass. R. 37 ; *Ellis* v. *Essex Merrimack Bridge*, 2 Pick. 243 ; *Hall* v. *Cushing*, 9 Pick. 397. The same doctrine has been held in New Hampshire. *Claggett* v. *Hardy*, 3 N. Hamp. R. 148.

These decisions are founded upon the nature of the trust necessarily confided to an executor, and the bond given by the executor, adapted to the nature of such trust.

The provision of law requiring an executor to give bond, is comparatively recent. *St.* 1783, *c.* 24. § 17.

The statute does not prescribe the form of a bond to be given by an executor, but requires in general terms, a bond to return upon oath a true and perfect inventory, and to render an account &c., in the same manner administrators are by law obliged to be bound.

The form of the bond, as actually given at the probate offices, pursuant to the terms of the statute, is, after reciting the will, and the probate thereof, that the " executor shall faithfully administer the estate of said deceased, according to said will." It is manifest, therefore, that as the will is a law to the executor, and his duty is to administer, that is, to apply, manage and dispose of the estate, according to the will, the duties of executors, and the obligations of their

sureties, may be as various, as the infinitely varying forms, in which wills can be legally made. It is also a necessary inference, that any default of the executor in the discharge of his trusts, and the execution of his official duties, whether such default be in failing to carry into effect the particular directions of the will, or in the non-performance of the general duties, prescribed by law, is an express breach of the bond, the condition of which is, to administer the estate according to the will. For all such defaults, therefore, the sureties, as well as the principal, are bound, and supposing that the sureties originally given were sufficient, no new sureties are necessary, on account of the existence of such trust.

It may not be irrelevant to add, in reference to the duty of executors, and the liability of sureties, that when a testator gives the interest of a sum of money to one, for life or years, with remainder over, it is the duty of the executor, as speedily as possible after the debts are paid, and the property converted into cash, to invest the amount in some secure fund, as the Hospital Life Insurance Company, or other safe institution, or to invest it on interest, with ample and undoubted security, until the contingency happens, upon which it is to be distributed ; and if the executor shall in this respect act with strict fidelity and due diligence, he will not be responsible, should any loss happen, either of principal or interest.

It was stated in the argument, that one of the daughters of the testator, to whom a quarter of the personal property was given, has deceased, leaving children. If such be the fact, that the life interest to such daughter is determined, the contingent remainder to the children has become vested, and there is no obstacle to the distribution and payment over, of that quarter, and the trust in relation thereto will cease.

It may be proper, in order to prevent misconstruction, to add, in regard to these implied trusts, vested in an executor by will, that in case an executor, in order to separate and simplify his accounts, or for any other reason, should decline and renounce such a trust, and request the appointment of another trustee ; or in case the *cestui que trust,* on the ground

of misconduct in the executor, or other like causes, should apply to the court of probate, to appoint and commission another trustee, we express no opinion whether it would or would not be competent for the judge of probate, under his general authority given by statute, to appoint trustees to testamentary trusts, to make such appointment in the cases stated. But the ground upon which the decision in the present case proceeds, is, that where the executor does not renounce the trust, but on the contrary, declares that he is ready and desirous to execute it, and where no party interested desires the appointment of any other person, it was competent and proper for the court of probate, to decline granting a new commission to the executor as trustee, and taking new bonds, when such commission would have given no new authority to the executor, and such bonds were not called for or required for the security of those interested in the due execution of the trusts reposed in him. The petition therefore was rightly dismissed.

*Decree affirmed.*