DANIEL A. WHITE, Judge, &c. *vs.* JAMES B. SAWYER
& others.

A testator, by one clause in his will, gave to his wife the use of all his property,
real and personal, except one hundred dollars, as long as she should remain his
widow; and in the next clause, he declared his will to be, that all his property,
which should remain, after the death of his wife, or after she should cease to be
his widow, should be divided equally among his children: *Held*, that the wife
was entitled only to the interest of the money remaining in the executor's hands,
after settlement of his administration account, and that he was to hold the prin‐
cipal during the wife's life or widowhood, as trustee for the children.

THIS was an action of debt on a bond, given to the judge
of probate, by James B. Sawyer, executor of the last will of
Leonard Sawyer, and by the other defendants, as sureties of
said James B., conditioned as required by the Rev. Sts. *c.* 63,
§ 2.    The action was brought for the benefit of Abigail
Sawyer, the widow of said Leonard, the testator, and was
submitted to the court on the following facts agreed:

The second clause in the will of Leonard Sawyer was thus :
" I give and bequeath to my beloved wife the use of all my
estate, both real and personal, as long as she shall remain my
widow, excepting one hundred dollars, which I wish my
executor to pay in money to my daughter, Susan B. Sawyer,
when she shall call for it after my decease, and which hundred
dollars is to be deducted from her distributive share in my
estate."

The third clause in said will was thus :   " My will is, that
all my estate, which shall remain after the death of my said
wife, or after she shall cease to be my widow, shall be divided
equally among my children, James B. Sawyer, Abigail Good‐
rich, Leonard Sawyer, Susan B. Sawyer, William Sawyer and
Joseph W. Sawyer "

Said executor has rendered an account of his administration of the testator's estate, by which it appears that there is a balance in his hands ; and this account has been allowed by the judge of probate. If any thing is to be paid over by said executor to said widow, it is agreed that it is the balance of said account as settled and allowed in the probate court.

If, from the terms of the said will, this action can be maintained, the defendants are to be defaulted ; otherwise, the plaintiff is to become nonsuit.

*N. J. Lord*, for the plaintiff.

*Holbrook*, for the defendants.

WILDE, J. This case depends upon the construction to be given to the last will and testament of Leonard Sawyer, by which he gave and bequeathed to his wife the use of all his estate, both real and personal, as long as she should remain his widow, excepting one hundred dollars. By a subsequent clause in the will, he gave all his estate, which should remain after the death of his wife, or after she should cease to be his widow, to his children. Under these clauses of the will, the plaintiff claims of the executor the balance of his account, as settled and allowed in the probate office.

It is contended for the plaintiff, that the widow took an estate for life in the real and personal estate, and that she is entitled to the use and possession of both, during her life, or until she shall cease to be the widow of the testator. This may be admitted as to the real estate, and also as to the personal estate, excepting the money in the hands of the executor ; but as to that, we think, the executor is to be considered as a trustee, by a plain implication in the will, to hold the principal, during the wife's life or widowhood, for the children ; and that she is only entitled to the interest. It was manifestly the intention of the testator to give to his wife the income of his estate only. The case cannot be distinguished in principle from *Saunderson* v. *Stearns*, 6 Mass. 37 ; *Hall* v. *Cushing*, 9 Pick. 395 ; and *Nash* v. *Cutler*, 19 Pick. 67.

*Plaintiff nonsuit.*