## Amasa Yeaw *v.* Orris Searle, et al.

The decree of a Court of Probate establishing a report of Commissioners upon an estate rendered insolvent, is not subject to appeal for any alleged error in the judgment of the Commissioners in allowing the claims set forth in the report; but persons interested in the estate, who are dissatisfied with the allowance of any claim, must avail themselves of the special remedy provided by the statute.

The case is fully stated in the opinion of the Court delivered by

Haile, J.   This was an appeal from a decree of the Court of Probate of the town of Scituate, holden on the 14th July, 1851, that the report of the Commissioners theretofore appointed by said Court to examine the claims against the estate of Asa Mathewson, late of said Scituate, deceased, rendered insolvent, be finally received, allowed and recorded, and that said commission be closed.

The counsel for the appellees moved to dismiss this appeal; 1st, on the ground that such an appeal cannot be legally sustained by this Court; and 2d, also on the ground that during the pendency of this appeal, the appellant has assigned all his interest in the estate of the testator in trust for the benefit of his creditors. This Court have already decided, at the present term, that on a motion to dismiss an appeal between the same parties from a decree of said Court of Probate, refusing to remove said appellees as executors, the second ground set up for the dismissal of this appeal was sufficient to sustain that motion. But it was further contended in this case, that no person legally interested in the estate of the testator could maintain this appeal to reverse said decree of the Court of Probate, on account of any error in judgment of the Commissioners in allowing the claims set forth in their reports; as that Court had no power to revise the decision of the Commissioners, and to reject their report for such error. This point is in our opinion, tenable, considering the legal rights of the parties, and a fair construction of the statute in relation to the equal distribution of insolvent estates of deceased persons. The powers of the Court of Probate, and the powers and duties of the Commissioners, are clearly and definitely pointed out by this statute; and this Court, as the Supreme Court of Probate can exercise no greater powers on this subject, than can the Court of Probate from whose decree this appeal is taken.

But the person interested in the insolvent estate of any deceased person, is not without his adequate remedy; for the executor or administrator is the legal representative of such estate, and is bound to guard and protect the rights of all persons interested therein, and the remedy is

clearly defined by this statute. By the sixth section of this statute, (Dig. of 1844, p. 255,) it is provided, that in case the executor or administrator shall be dissatisfied with any creditor's claims allowed by the commissioners, and shall give notice thereof in the Clerk of Probate's office, and also to the creditor, within twenty days after the Commissioners' report shall be received, such claim shall by the Court of Probate be stricken out of the Commissioners' report. And executors and administrators are empowered to agree to submit any such claim, or the claim of any creditor, which is wholly or in part rejected by the Commissioners, to reference; in which case the determination of the referees shall be final.

And in case the executor or administrator shall give such notice, the creditor must seek his remedy by bringing and prosecuting his action as soon as may be in the course of common law.

But by the seventh section of this act, it is provided, that when a claim shall be settled by referees, or in the course of the common law as aforesaid, execution shall not issue as in common cases, but the amount so ascertained shall be the amount of the claim, and added to or deducted from the Commissioners' report, as the case may require.

These salutary provisions of this statute, if promptly and strictly complied with, will afford a clear, adequate, and complete remedy to creditors, devisees, legatees, heirs at law, and all other persons interested in the estates of deceased persons represented insolvent, and are well calculated to facilitate the speedy and economical settlement of such estates.

And in relation to the sixteenth section of the act establishing Courts of Probate, we think it would conflict

with the letter and spirit of this statute, and the true intention of the Legislature so to construe that section in reference to the provisions of this statute, as to grant an appeal from a decree of a Court of Probate receiving Commissioners' report, for the purpose of revising and altering the decisions of Commissioners. Such appeals would open a wide door for litigation, between parties whose interests might conflict, and would create great confusion, embarrassment, delay and expense, in the settlement of the estates of deceased persons rendered insolvent, and would be attended with no practical beneficial results. By said sixteenth section, it is provided that " any person aggrieved at any order, determination or decree of any Court of Probate, except express provision be made to the contrary, may appeal therefrom to the Supreme Court." But in this case express provision is made to the contrary ; the Legislature have provided an ample remedy for the executors and the creditors, by an action to be tried and determined in the course of the common law or by reference. Our construction of this statute is fully supported by the decisions of the Supreme Judicial Court of Massachusetts on a similar and analagous statute of that State, in the cases of *Gold* v. *M'Mechan.* (1 Mass. 23.) *Parson* v. *Mills et al.* (1 Mass. 431.)

If the executors have been guilty of neglect or corruption in not opposing the admission of illegal claims by the Commissioners, they may be liable to an action on their administration bond, or to a special action of the case for waste. *Parsons* v. *Mills et al.* (2 Mass. 80.)

The motion of the appellees must therefore be sustained, and this appeal be dismissed.

*Appeal dismissed.*