TILLINGHAST SHELDON, Administrator, *v.* THE COURT OF PROBATE OF JOHNSTON.

Whether an administrator on an estate represented insolvent can appeal from the decree allowing the report of the commissioners for general causes affecting the whole report, as,—interest in one of the commissioners as a creditor of the estate,—the misconduct of others in the allowance of claims against it,—or, because all did not sit at the final meeting for the allowance of claims, and did not sign the report, or whether, in such case, the administrator is confined to the mode prescribed for him by the 11th section of chapter 153 of the Revised Statutes, when objecting to particular claims, Qu. ?

If, however, an appeal lies in such case, from such a decree, notice of the appeal must, by force of chapter 153 of the Revised Statutes, be given to the adverse party; and if no party appears at the probate court in favor of the report and to meet the objections of the administrator to the allowance of the same, then notice must be given to the parties interested in the allowance of the report,—as creditors whose claims have been allowed by it; and if notice of the appeal be given only to the court of probate who passed the decree appealed from, the appeal will be dismissed for want of notice.

The argument *ab inconvenienti* against the necessity of such notice, drawn from the trouble and expense of citing numerous creditors, who are all ascertained by the report, cannot dispense with the positive requirement of the statute with regard to notice of such an appeal.

THIS was an appeal by the administrator upon the estate of Benjamin C. Olney, late of Johnston, deceased, which estate was represented to be insolvent, from a decree, passed in May, 1858, by the court of probate of said town, receiving and establishing the report of the commissioners appointed to examine and act upon the claims of creditors upon said estate.

The reasons of appeal were: *First,* That the commissioners were not fit and disinterested persons to be such commissioners, because one of them, Granville S. Williams, was, at the time of his appointment, one of the creditors of the estate of the intestate ; and as such, presented to the commissioners, at their last meeting for the reception of claims, his account and claim against said estate, which claim was allowed ; that the fact of this commissioner being thus interested was not known to the appellant until said time and such presentation of his claim ; and that thereupon, the appellant objected to said court of probate to the acting of said Williams as commissioner, and requested the appointment of some other person in his place. *Second,* That all the said commissioners appointed by said court did not attend at the times and places by them appointed

Sheldon, Administrator, *v.* The Court of Probate of Johnston.

for the receipt and allowance of claims, and when the claims of creditors were received and allowed. *Third,* That one of the said commissioners, to wit, said Williams, did not attend the meeting of said commissioners, held for the purpose of receiving and examining the claims of the creditors of said estate, when said claims were finally allowed, and did not sign the report thereon, made by the commissioners to the court of probate. *Fourth,* That the commissioners, or the two of them joining in said report, held a meeting for the receiving of proof upon, and the examination and allowance of, claims against said estate, after the expiration of the time allowed by the court of probate ; which meeting was not an adjournment of any prior meeting, and was not notified by public advertisement, or otherwise as by law required. *Fifth,* That claims against said estate, which were objected to by the appellant before said commissioners, were allowed, and are allowed by their said report, without any proof of the validity of said claims being produced, as required, before or by said commissioners, and without even putting the parties presenting the same under oath, or calling upon or requiring them to make out the validity or correctness of the same.

The only service which was made of the reasons of appeal, was by leaving a copy of the same with the court of probate of Johnston, and by reading the citation, directed to said court, in the presence of the court, when in regular session in the townhouse.

Upon the calling of the appeal for trial, at the present term of this court, before the chief justice, with a jury, a motion was made on the part of the court of probate and creditors of the estate to dismiss the appeal, upon the ground, *first,* that no appeal from a court of probate to this court would lie, in behalf of the administrator in the case stated by him in his reasons, in the mode here by him adopted, but only under and in the mode pointed out by sect. 11, ch. 158, of the Revised Statutes ; and, *second,* that notice of the appeal had not been served by the appellant upon the adverse party in said appeal, nor upon any party interested in the same, but only upon the court of probate which had rendered the decree appealed from.

37 *

Sheldon, Administrator, *v.* The Court of Probate of Johnston.

Upon the grounds stated, the presiding judge dismissed the appeal; and a motion for a reinstatement of the same, and for a new trial, was now made by the appellant, who claimed that the dismissal was erroneously made.

*James Tillinghast,* with whom was *Bradley,* for the appellant:—

I. As to the first ground.

Section 11, of ch. 158, Rev. Stats. (p. 371), is only intended to give the administrator a summary method of testing in the courts of law particular claims. The objection here is to the whole report, for disqualification and misconduct in the commissioners themselves; and the appeal is therefore well taken, under sect. 1, of ch. 153, Rev. Stats. (pp. 354, 355). See *Peck* v. *Sturges,* 11 Conn. 420; S. C. in error, 12 Conn. 139.

II. As to the second ground.

1. The statute (sects. 3 and 5, p. 355, Rev. Stats.) recognizes a distinction between the *adverse party to the appeal* and the persons who may be interested under the decree appealed from.

Compare ch. 152, sects. 2 and 7 (pp. 353, 354, Rev. Stats.) and ch. 163, sect. 3, (p. 384, Rev. Stats.)

2. If the court of probate itself is not to be regarded as the adverse party, then there is no adverse party to an appeal of this nature.

The commissioners certainly are not, and the creditors are never, parties before the court of probate. They have no voice there. They have not even a right to their dividends till subsequently decreed to them. Rev. Stats. ch. 158, sect. 7, (p. 370); ch. 163, sect. 6, (p. 384). Compare *Walker* v. *Lyman, Adm'r,* 6 Pick. 458.

3. The court of probate is itself the *acting party* in these proceedings. It, of *its own motion,* appoints the commissioners, and confirms their report when it comes in.

III. Any other construction practically nullifies the right of appeal.

To notify the creditors will often be totally impracticable.

1st. Where some live out of the state. If the creditors are parties, each is a party, and *all* must be served, or the court has

no jurisdiction.   The decree cannot be reversed in part and left to stand as to the rest,—those not served.

2d.  Where the appeal is from the decree of appointment of commissioners (as it will always be when the disqualification is known in time), the creditors are not and cannot be known or ascertained.

*Non constat* but that the estate may after all prove solvent; and then the heirs at law will be interested.   But these can only be ascertained by another decree of the court of probate.

3d.  The great and disproportionate expense of procuring service upon all the creditors will practically nullify the right of appeal.

IV.  As to the objection, that to consider the court of probate the adverse party may subject them to costs.

1.  Has not the court a discretion over the costs?   Compare sec. 10, of ch. 158, p. 371, Rev. Stats.

2.  Under the statutes of 1798 and 1822 (sects. 31, 32, pp. 307, 308, Digest of '98, sects. 31, 32, pp. 237, 238, Digest of 1822) which gave no express power to sue in the name of the court of probate on an administrator's bond, it was never questioned but that such a suit would lie; though if the defendant prevailed therein the court was subject to a judgment for costs.   It was never supposed that such a liability cut off the right of suit on the bond.

*B. N. Lapham*, for respondents :—

The plaintiff's appeal was properly dismissed for the following reasons :—

1st.  No appeal is given in such cases, except that provided in ch. 158, sects. 8, 9, 10 and 11, Rev. Stats. pp. 370, 371.

2d.  No notice was given to "adverse party," as required by ch. 153, sec. 3, Rev. Stats. p. 355.

BOSWORTH, J.   The appellant claims a new trial in this case, on the ground of error of the judge, in dismissing the case for want of notice to, and citation of, the adverse party.

The appeal is from an order of the court of probate, receiving the report of commissioners upon an insolvent estate.   The Revised Statutes, ch. 153, pp. 354, 355, provides, that "any

person aggrieved by any order, determination, or decree of any court of probate, except express provision be made to the contrary, may appeal therefrom to this court." It also provides a time within which the appeal shall be claimed, and for the giving bond to prosecute the appeal, and also provides, that the person so appealing shall, within ten days after giving bond as provided, "file his reasons of appeal in the clerk's office of the court appealed to, and shall cause the adverse party to be served with a copy thereof, and to be cited, at least ten days before the sitting of the court appealed to, that such party may be prepared to answer the same." The administrator is here the appellant. He has filed his reasons of appeal in proper time, and has caused a copy thereof to be served on the court of probate from whose order or decree the appeal is taken, and has cited the said court to answer the same. The judge, at the trial, ruled, that there was no service of a copy of the reasons of appeal upon the adverse party, nor citation of the adverse party, as the law requires; and for that cause dismissed the appeal.

The appellant contends, that the court of probate is the proper adverse party to be cited, and served with the copy; and that, therefore, his appeal was properly brought before this court. He argues, that the statute recognizes a distinction between *interested* parties and *adverse* parties; and that, in the court of probate, no one interested appeared to move the reception of the report; and, the administrator objecting to its reception, the court received it upon its own motion, and thus became the adverse party. He further argues, that if the court of probate is not the adverse party, then there is no adverse party to an appeal of this nature; that the commissioners are not parties, and the creditors, whose claims have been allowed, are not. We agree with the counsel, that the commissioners are not the adverse party; nor can we any better see how the court of probate can be a party, or why the court, from whose decree the appeal is taken, is any more an adverse party than is the court to whom the appeal is made. But it is not so clear, that the creditors whose claims have been adjudicated, are not properly to be deemed adverse parties. The commis-

sioners' report is, when received and allowed, in the nature of a judgment of court, rendered in favor of the creditors whose claims are allowed, against the estate represented by the administrator. The reception of the report is necessary in their behalf, in order to enable the court to distribute the assets in payment of their respective claims allowed. They would certainly seem to be interested parties; and if they are satisfied with the action of the commissioners, (and they are presumed to be, for if not, they have a right to appeal,) their interest would seem to be adverse to this appeal. The object of the appeal is, to set aside or suspend judgments in their favor. How is it to be determined who are adverse parties? In ordinary actions this question is answered by reference to the record. The party who moves for a decree, and the party who resists it, are usually brought on the record in antagonist positions. But this is not always so. In the original process for the commencement of actions, this question is to be determined; and in order to its determination, it is necessary to inquire who has an interest adverse to the proceeding. In the case before us, the proceeding seeks to suspend or set aside the judgments, embodied in the commissioners' report, in favor of all the creditors whose claims have been passed upon and allowed. Have they not an interest, in its nature apparently adverse, which entitles them to notice, before we undertake to suspend or set aside the judgments which they have obtained? It is true that there may be a distinction between interested and adverse parties. There may be persons interested in the estate of the intestate, whose interest is not adverse to this proceeding. To such it may not be necessary that notice should be given. But it seems to us, that creditors may have an adverse interest; and to an adverse party, the statute requires that notice shall be given.

The appellant further argues, that notice to the creditors is practicably impossible, or expensive and inconvenient. It certainly is not difficult to *ascertain* the parties to whom notice is to be given, if the creditors are such parties, since they are all ascertained and named in the commissioners' report; but in a case where there are numerous creditors, the notice prescribed may be expensive and difficult.

The argument *ab inconvenienti* can have no weight against the positive directions of the statute. At all events, the statute requires that the adverse party shall be notified in order to sustain or prosecute the appeal; and the notice here given was not given to a party interested or adverse, or to a *party* in any sense whatever.

It is unnecessary to consider the other question, whether a proceeding of the nature appealed from is a decree from which an appeal can be taken. If the appellant is not here properly now, it will avail him nothing though we should decide that he might have come here by taking another course; since the time has passed within which he could take the proper steps in order to appeal. We therefore give no opinion upon the other point raised, but overrule the motion for a new trial on the first mentioned ground.