# SUPREME JUDICIAL COURT

##### FOR THE

## COUNTY OF BERKSHIRE, SEPTEMBER TERM 1863, AT LENOX.

PRESENT :

Hon. GEORGE T. BIGELOW, Chief Justice.
Hon. CHARLES A. DEWEY,
Hon. THERON METCALF,
Hon. EBENEZER R. HOAR, } Justices.
Hon. REUBEN A. CHAPMAN,

## Thomas G. Carson & another *vs.* George W. Carson & another & trustees.

An executor who holds personal estate of his testator in trust, to pay over the income thereof to a legatee during his life, and then to pay over the principal to such person or persons as may be entitled to it under the will or by law, is not liable, under Gen. Sts. c. 142, § 22, to be charged upon a trustee process instituted by a creditor of a person who may ultimately be so entitled to the whole or a portion thereof.

Trustee process. The defendants were partners under the firm of Carson & Hard, of whom Carson was a son and heir at law of David Carson, deceased, whose executors were summoned as trustees.

It appeared by the trustees' answers, in the superior court,

that the will of David Carson contained the following provisions : —

" First. *Imprimis.* To my beloved wife Margaret G. Carson I give and bequeath thirty shares of the capital stock of the Agricultural Bank at Pittsfield, Mass., standing in my name. Also during her life the interest, use and income of all the residue of my property, real, personal and mixed, after the payment of the legacies hereafter given and bequeathed."

The second, third, fourth and fifth items contained certain specific legacies which are now immaterial.

" Sixth item. I hereby appoint my two sons, Thomas G. Carson and William W. Carson, executors of this last will and testament, with full power to sell or dispose of any real estate which may be deemed necessary by them for the advantage or settlement of my estate. Also to sell [and] exchange stocks and all other securities, and re-invest the same, and transact all such business as in their judgment the best interests of my estate require."

There was no express disposal of the remainder of the residue after the death of the widow. The executors held a considerable amount of the estate in their hands, and had not settled any account at the time of the service of the writ upon them. The trustees were discharged in the superior court, and the plaintiffs appealed to this court.

There were several other cases against the same defendants and trustees, involving the same questions.

*R. W Adam,* for the plaintiffs, cited Gen. Sts. *c.* 142, § 22 ; *Belknap* v. *Gibbens,* 13 Met. 471 ; *Wheeler* v. *Bowen,* 20 Pick. 563 ; *Russell* v. *Hoar,* 3 Met. 187 ; *Larned* v. *Bridge,* 17 Pick. 339.

*J. D. Colt,* for the trustees, cited *Homer* v. *Shelton,* 2 Met. 202.

BIGELOW, C. J. By the will of David Carson, the executors hold all the personal estate left by their testator, after the payment of debts and certain specific legacies, in trust, to pay over the income and interest thereof to his widow during her life. This results necessarily from the disposition of the estate, although the executors are not in terms appointed trustees.

They cannot pay over or transfer to the widow all the residue of the personal property, because she is entitled under the will only to the interest and income thereof during her life; nor can they distribute it as undevised estate among the heirs at law, because such distribution would defeat the enjoyment of the life interest of the widow therein. Besides; the intent of the testator that the personal estate should remain in the hands of his executors is clearly manifested by the clause which gives to them the power " to sell and exchange stocks and all other securities, and re-invest the same " according to their judgment. This clearly contemplates a trust in the executors, beyond the duty of paying debts and distributing the assets in the ordinary course of settlement of the estate. The principle is well established that when a testator by his will, either in express terms or by legal implication, has given the income of his personal estate to one for life, and on his or her decease to another, or left it on the termination of the life interest undisposed of so that it will then go to his heirs at law, and has not in terms placed it in trust with any trustee other than the executor, it is the province and duty of the executor to hold it, and to pay over the income from time to time to the legatee for life, and at the death of such legatee to pay over the principal to the person who may by the will be then entitled to it, or, in default of any ulterior disposition of it by the will, to distribute it among the heirs at law. *Saunderson* v. *Stearns*, 6 Mass. 37. *Dorr* v. *Wainwright*, 13 Pick. 328. *Dole* v. *Johnson*, 3 Allen, 364, 367.

Such being the nature of the right and interest in the personal estate of the testator which is vested in the executors under the will, we are of opinion that they are not chargeable under a trustee process at the suit of a creditor of one of the heirs at law. They do not hold the property merely in their capacity as executors. If they did, their trust would be discharged and their duty performed when they had collected the personal estate, paid the debts, legacies and charges, and distributed the residue among those entitled to receive it. If such only were the extent of their duties under the will, they would be liable to be charged as trustees of the heirs at law for their

respective distributive shares, under Gen. Sts. *c.* 142, § 22, which provide that " debts, legacies, goods, effects or credits, due from or in the hands of an executor or administrator *as such,* may be so attached in his hands." But this provision is not applicable, where, in addition to the ordinary powers and duties of an executor, a trust is created by the will, or by implication of law arises out of the terms in which the personal estate is disposed of, by which the title to the property is vested in the executors as trustees, to hold, manage and invest the same for the use and benefit of a *cestui que trust* for life. To maintain and support such a trust, and enable the trustees to perform the duties which it devolves upon them, the entire legal estate in the property is vested in them ; the heirs at law or those entitled to receive the trust property upon the death of the legatee for life having only an equitable title to the remainder. The difficulty, not to say impracticability, of allowing a trustee process, at the suit of a creditor of a person entitled to such an equitable remainder, to be maintained during the continuance of the interest of the legatee for life, is obvious. No judgment charging an executor under such circumstances could be entered, until the termination of the intermediate trust estate. It would therefore be necessary to protract the suit until that event should occur, which might not happen for many years, not even until after the expiration of the ordinary period of time allotted to a generation of men. In the mean time, the principal parties to the suit might die, and the original executors might be discharged from their trusts by death or otherwise, and others be substituted in their place. We cannot think that the legislature in the provision above cited intended to confer on creditors a remedy for the collection of debts, the enforcement of which might be attended with so much delay, expense and embarrassment In the interpretation of statutes, especially those which relate to the course of the administration of public justice in the courts of law, great regard is to be paid to their practical operation. If a particular construction would render their provisions inconvenient, burdensome and of difficult application, it is to be rejected, unless clearly required by the express language of the

statute. Such, it seems to us, would be the effect which might be produced, if we should hold that a trustee process could be maintained, under Gen. Sts. *c.* 142, § 22, against an executor under circumstances like those disclosed in the present action. We think, therefore, that we ought to interpret the provision as giving a right to maintain such process only in cases where property is in the hands of an executor for the ordinary and usual purposes appertaining to that office, and not where an ulterior trust is conferred upon him in express terms or by operation of law, which renders it necessary that the estate should be held for an indefinite period in his hands as trustee for a legatee for life, or for other special purposes. *Trustees discharged.*