GEORGE H. BARNES, appellant, *vs.* BELINDA S. MOWRY.

If the commissioners on a decedent's insolvent estate allow an illegal claim, the remedy is by appeal from the "judgment of the commissioners," under Gen. Stat. R. I. cap. 175, § 13, not by appeal from the decree of the Probate Court confirming the report of the commissioners.

An appeal from the decree of the Probate Court so taken cannot be amended by striking out the words, "Decree of the Probate Court," and inserting the words, "Judgment of the commissioners," this being equivalent to the substitution of one appeal for another.

An appeal from the judgment of the commissioners on a decedent's insolvent estate under Gen. Stat. R. I. cap. 175, § 13, is to be taken within forty days from the time their judgment and report are received by the Probate Court, and this time is not extended by the pendency of an appeal from the order of the Probate Court directing such judgment and report to be received.

APPEAL from the Probate Court of Pawtucket.

*January* 23, 1877. DURFEE, C. J. This is an appeal from a decree of the Court of Probate of the town of Pawtucket, receiving and confirming the report of commissioners on the estate of Spencer B. Mowry, which has been represented to be insolvent. The only reason given for the appeal is that the commissioners allowed the claim of Belinda S. Mowry, " which was illegal, and which the commissioners ought not to have allowed." We do not think the reason is sufficient. The statute makes the commissioners the primary tribunal for the trial of claims against the estate. They report their adjudications to the Court of Probate. But no power is given to the Court of Probate to revise their judgment. If the commissioners have allowed a claim which ought not to have been allowed, or have disallowed a claim which ought to have been allowed, the statute provides appropriate remedies. If a claim has been allowed, and any person

entitled to distribution is dissatisfied with the allowance, the remedy given him by the statute is an appeal to this court from the judgment of the commissioners. Gen. Stat. R. I. cap. 175, § 13. The appellant claims to be a person entitled to distribution. He is dissatisfied with the allowance of the claim of Belinda S. Mowry. He complains that the claim is illegal. If that is so, his remedy, supposing him to be entitled to distribution, was an appeal from the judgment of the commissioners. He has not appealed from the judgment of the commissioners, but from the decree of the Court of Probate receiving their report. Such an appeal, taken for the reason assigned, implies that the Court of Probate has power to review and revise the adjudications of the commissioners, and has improperly exercised or refused to exercise it. We find nothing to warrant this view in the statute. Doubtless the Probate Court could have refused to receive the report of commissioners, if they have not acted in compliance with the statute; but, if they have so acted, the court could not properly refuse to receive their report for allowing a claim which ought not to be allowed, because it has no jurisdiction to reëxamine the merits or determine the validity of any claim so allowed. And on appeal this court has no broader jurisdiction than the court appealed from. This is the view which was taken by the Supreme Court of Massachusetts upon a statute similar to ours. *Gold* v. *McMechan*, 1 Mass. 23; *Parsons* v. *Mills et als.* 1 Mass. 431; also in 2 Mass. 80; *Yeaw* v. *Searle et al.* 2 R. I. 168. We therefore think the appellant cannot have relief in this proceeding.                    *Decree of Probate Court confirmed.*

*A. & A. D. Payne*, for appellant.

*W. W. Blodgett*, for appellee.

NOTE BY THE REPORTER. — See *Sheldon, Adm'r,* v. *Ct. of Prob. of Johnston,* 5 R. I. 436, and *Shaw* v. *Newell,* 9 R. I. 111. In the first case the administrator was the appellant, and the appeal was dismissed on the ground of insufficient notice. In the second case the appeal was in fact from an order of distribution, as follows: "Municipal Court of the City of Providence, July, 28, 1868. It is further ordered and decreed that the administrator distribute the balance of funds in his hands to and among the creditors whose claims have been allowed by the commissioners, in proportion to the sums unto them respectively due and owing, that is to say, at the rate of — per cent. upon the amount of their several claims : to wit, to —."

Gen. Stat. R. I. cap. 175, § 13, corresponds to Rev. Stat. R. I. cap. 158, § 9.

After the foregoing opinion, the appellants asked permission to amend their appeal by striking out the words, "Decree of the Probate Court," and inserting the words, "Judgment of the Commissioners." On this application, the court gave the following opinion : —

*February* 17, 1877. DURFEE, C. J. The motion is not a motion to amend, but to substitute a new appeal for the appeal which has been taken. The appeal taken is from the decree of the Court of Probate of Pawtucket ; if changed as proposed, it will become an appeal from the judgment of commissioners appointed by that court. The decree appealed from is suspended by the appeal until affirmed in this court. Gen. Stat. R. I. cap. 170, § 6. If the substitution is permitted, it can never be affirmed. The so-called amendment is not allowable under the statute, as construed by this court. *Wilcox* v. *Sherman*, 2 R. I. 540 ; *Thayer* v. *Farrell, ante*, p. 305. The motion is denied.

*Motion dismissed.*

*A. & A. D. Payne* and *John F. Tobey*, for the motion.
*W. W. Blodgett, contra.*

The decree of this court confirming the decree of the Probate Court was filed in the Probate Court, February 21, 1877. Within forty days thereafter, on February 28, 1877, an appeal was taken from the judgment of the commissioners on the estate of the said Spencer B. Mowry, and appeal bonds were filed satisfactory to the Court of Probate.

This appeal the appellee Mowry moved to dismiss for two reasons : —

1st. Because the appeal was not taken in due time; and

2d. Because the said George H. Barnes was not entitled to claim an appeal under the provisions of Gen. Stat. R. I. cap. 175, § 13.

Only the first of these reasons was considered by the court.

*James Tillinghast & W. W. Blodgett*, in support of the motion, contended that the appeal was taken too late.

*A. & A. D. Payne* and *John F. Tobey, contra.*

Gen. Stat. R. I. cap. 175, § 13, provides that appeals from the judgment of commissioners shall be taken "in the same manner, on the same conditions, and with like effect, as is provided by law in case of other appeals from the orders, determinations, or

decrees of Courts of Probate." " Other appeals " may be claimed at any time within forty days after the making of a decree. Gen. Stat. R. I. cap. 170, § 2.

The present appeal, although from the judgment of commissioners on an insolvent estate, is taken within the time allowed by the statute, because taken within forty days after the entry of the decree of the Court of Probate of Pawtucket, establishing the report of the commissioners, for the "judgment of the commissioners " did not become a judgment from which an appeal could be taken until confirmed and established by a decree of the Court of Probate. The decree of the Court of Probate was only affirmed by this court on the 21st day of February, 1877. " The decree appealed from is suspended by the appeal until affirmed in this court. Gen. Stat. R. I. cap. 170, § 6. If the substitution be permitted, it can never be affirmed." *Ante*, p. 422.

The rights of parties in respect of an appeal are determined by the date of the actual entry of a decree. *Rubber Co.* v. *Good-year*, 6 Wall. 153 ; *Seymour* v. *Freer*, 5 Wall. 822 ; *Silsby* v. *Foote*, 20 How. U. S. 290 ; *Hall* v. *Hudson*, 20 Ala. 284 ; *Wright* v. *Delafield*, 11 How. (Practice) N. Y. 465 ; *Marshall* v. *Francisco*, 10 Ibid. 147 ; *Brobst* v. *Brobst*, 2 Wall. 96.

*July* 14, 1877. DURFEE, C. J. This is an appeal from the judgment or report of the commissioners appointed by the Court of Probate of Pawtucket upon the estate of Spencer B. Mowry, represented insolvent. The commissioners reported October 24, 1873, and their report was received November 26, 1873. The order or decree receiving the report was appealed from and was affirmed by this court February 20, 1877. This appeal from the judgment of the commissioners, was taken February 28, 1877 The appellee moves to dismiss it on the ground that it was not taken in due time. The statute requires that such an appeal shall be taken within forty days. Gen. Stat. R. I. cap. 175, § 13. The appellant contends that this means within forty days after the report is received. We think the construction is reasonable ; for the report or judgment has no force independently of the tribunal which receives it. He also contends that, inasmuch as the order receiving the report was appealed from, the time for appealing from the judgment reported was thereby prolonged until forty days after the order was affirmed. We think that

does not follow. The appeal under our statute does not vacate the order; still less does it vacate the judgment; it simply suspends their operation, and there is nothing to prevent an appeal from a judgment whose operation is suspended. A stay of execution would not prevent an appeal. The judgment remains until the order is disaffirmed. If the order is affirmed, the judgment always remains. An appeal from the judgment, therefore, pending an appeal from the order is valid. Both appeals might be taken together. The forty days are simply the forty days after the order, whether the order is appealed from or not. It is true this is a strict construction, but it is in harmony with the policy of the law, which favors speedy settlements.

*Motion granted*