*Charles Hart, Thurston Ripley & Co.,* and *J. C. B. Woods,* for complainants.

*C. S. & C. Bradley,* for respondent.

---

## H. H. THAYER, Assignee, *vs.* MICHAEL A. FARRELL.

A statute providing that the court may at any time allow either of the parties to an action to amend any defect in the process or pleading: — A motion was made to substitute for the name of the plaintiff, H. H. Thayer, described in the declaration as "assignee of Walter W. Salter and Max F. Greene, both of said New York, copartners, as W. W. Salter & Company," the words, "W. W. Salter and Max F. Greene, both of the city, county, and State of New York, copartners, as W. W. Salter & Company, as trustees for H. H. Thayer, of said city of New York, assignee of said W. W. Salter & Company": —
*Held*, that the amendment, being tantamount to the substitution of a new action, could not be allowed.

MOTION to amend the declaration.

In this case the declaration was *indebitatus assumpsit,* upon promises to the plaintiff, who was described in the declaration as "assignee of Walter W. Salter and Max F. Greene, both of said New York, copartners, as W. W. Salter & Company." The plaintiff moved for leave to amend the declaration by substituting for the name and description of the plaintiff the words, "W. W. Salter and Max F. Greene, both of the city, county, and State of New York, copartners, as W. W. Salter and Company, as trustees for H. H. Thayer, of said city of New York, assignee of said W. W. Salter, and Company."

*William H. Baker,* for plaintiff, in support of the motion, cited *Tully* v. *Herrin,* 44 Miss. 626.

*Charles E. Gorman,* for defendant.

*February* 9, 1876. DURFEE, C. J. Our statute, Gen. Stat.

R. I. cap. 199, § 5, provides that the court may at any time permit either of the parties to an action to amend any defect in the process or pleadings. The power is large, but not unlimited. It authorizes the amendment of defects, not the substitution of a new action. *Wilcox* v. *Sherman*, 2 R. I. Rep. 540. In this case the declaration sets forth a contract with the plaintiff; if amended as proposed, it would set forth a contract with other persons and substitute them for the plaintiff; the action would no longer be the same. We think the amendment should not be allowed. The statute of Mississippi, under which *Tully* v. *Herrin*, 44 Miss. 626, was decided, differs from ours. It allows any amendment designed " to bring the merits of the controversy between the parties fairly to trial."                *The motion is dismissed.*