# NEWPORT COUNTY.

———◆———

## JOHN E. DOWLING vs. ISAAC CLARKE.

Trespass on the case will not lie for an account and settlement of partnership transactions.

TRESPASS ON THE CASE. On demurrer to the declaration.

In this action the plaintiff in his writ summoned the defendant " in an action of the case in the nature of account, for that the defendant has not accounted to the plaintiff as his copartner." The declaration is as follows :

" John E. Dowling, of the city and County of Newport, complains of Isaac Clarke, of the city and County of Newport aforesaid, duly held to answer to the plaintiff in an action of the case in the nature of an action of account, for that the plaintiff and the defendant were heretofore copartners and entered into articles of copartnership on the third day of July " . . .

Follow the articles of copartnership

" and under the said articles of copartnership, and by virtue of the provisions thereof, the plaintiff became entitled to receive from the defendant, by means of the plaintiff having contributed to the said copartnership business and property a large sum of money, to wit: the sum of ten hundred fifty-seven $\frac{47}{100}$ dollars, and by his having paid bills due from the said partnership five thousand nine hundred and fifty-three $\frac{80}{100}$ dollars, and for eighty-one days labor by him rendered to the said copartnership, at the rate of two dollars and fifty cents per day, amounting to two hundred and two dollars and fifty cents, and for ice, ice-houses, and other property of the said partnership, with the good-will of the ice business taken by the said defendant from the said partnership, of great value, to wit, of the value of four thousand dollars, and has neglected and refused to account with the plaintiff therefor ; wherefore, the plaintiff hereby demands of the defendant a just and true account of all of the business and property of the said partnership, and of all of the profits and transactions in any

way relating thereto or arising therefrom, which he, that said defendant, has hitherto refused to do, to the plaintiff's damage, five thousand dollars, as laid in his writ, dated October 21, 1880."

*Providence, May* 23, 1882. PER CURIAM. This is, as denominated in the writ and the declaration, " an action of the case in the nature of an action of account." The defendant demurs and contends that there is neither law nor precedent for it. We think it is anomalous. It is not maintainable as Case, for it demands an account which it is not the province of Case to enforce, at least as between copartners. It is not maintainable as Account, for it was begun and has been declared on as Case. And it cannot be converted into Account by amendment, for that would make it another action. *Wilcox* v. *Sherman*, 2 R. I. 540 ; *Thayer* v. *Farrell*, 11 R. I. 305. The demurrer must be sustained, and judgment given for defendant for costs.　　　　　*Demurrer sustained.*

*William P. Sheffield*, for plaintiff.

*Samuel R. Honey*, for defendant.

NOTE.— See *Dowling* v. *Clarke, ante,* p. 134.