*Exceptions sustained.*

APPLETON, C. J., BARROWS and PETERS, JJ., concurred.

VIRGIN and SYMONDS, JJ., concurred in the result.

---

EDMUND SAWYER *vs.* JOEL SAWYER.

Piscataquis. Opinion March 24, 1883.

*Statute of limitations. Subsequent attaching creditor.*

Where a subsequent attaching creditor has obtained leave of court to defend

the suit of a prior attaching creditor he may set up the statute of limitations as a ground of defense.

ON EXCEPTIONS.

Assumpsit on account annexed, dated November 28, 1876, for " eleven years' labor, one hundred and twenty-five dollars per year, thirteen hundred and seventy-five dollars." The writ was dated November 28, 1876. At the February term of court, 1880, James P. Farrell, a subsequent attaching creditor, obtained leave of the court to defend this action. The defendant failing to plead, Farrell pleaded the general issue and statute of limitations.

The presiding justice instructed the jury that it was not competent for Farrell, as subsequent attaching creditor, to set up the statute of limitations as a defense. To this ruling exceptions were taken, the verdict being for the plaintiff in the sum of sixteen hundred and forty-three dollars.

*H. Hudson*, for the plaintiff.

*E. Flint*, for the subsequent attaching creditor.

WALTON, J. When property has been attached, a plaintiff who has caused it to be attached in a subsequent suit, may, by himself or his attorney, petition the court for leave to defend the prior suit, and set forth therein the facts, as he believes them to be, under oath ; and the court may grant or refuse such leave. R. S., c. 82, § 39.

In this suit, a subsequent attaching creditor obtained leave of the court to defend it ; and the only question is whether it was competent for him to set up the statute of limitations to a part of the plaintiff's claim as one of the grounds of his defense.

We think it was. The statute places no limitation or restriction upon the defending creditor. It does not say in terms or by implication that he may defend upon some grounds, but not upon others. The language used is general, that he may, upon leave obtained, " defend the prior suit." Presumably his purpose is to defeat the suit, so as to release the prior attachment and thus make his own attachment available for the recovery of

his debt. We fail to perceive any reason why he should not be allowed to defend upon one ground as well as another; why he should not be allowed to set up the statute of limitations as a ground of defense, as well as payment, or want of consideration.

By the terms of the statute it is discretionary with the court to grant or refuse leave to the subsequent attaching creditor to defend the prior suit. And it is only upon petition setting forth the facts as the petitioner believes them to be, that such leave can be granted. Perhaps the court, in the exercise of its discretion, might be justified in refusing to grant the leave prayed for, if the only ground of defense set forth in the petition should be the statute of limitations. And yet, in all insolvency proceedings, one creditor has a right to object to the allowance of another creditor's claim upon the ground that it is barred by the statute of limitations. And why should not the same defense be allowed in this form of proceeding? We have been referred to no authority for holding otherwise, and we fail to perceive any reason for so holding. True, it is often said that the right to set up the statute of limitations as a ground of defense is the personal privilege of the debtor; and so it is, so long as he is allowed to manage the defense; but when, for good and sufficient reasons shown, the court, acting under the authority of the statute, takes from him the right to control the defense, and gives it to another, this privilege can no longer be exercised. It has ceased to be his privilege; it is then the privilege of another.

The exceptions in this case state that the court instructed the jury that it was not competent for the subsequent attaching creditor to set up the statute of limitations by way of defense to any part of the claim in suit. We think this ruling was erroneous.

*Exceptions sustained.*

APPLETON, C. J., DANFORTH, VIRGIN, PETERS and SYMONDS, JJ., concurred.