EUGENE W. MASON, Trustee for EMMA A. TAFT, Appellant, *vs.* ORRAY TAFT *et al.*, Admr.

EMMA A. TAFT, Appellant, *vs.* ORRAY TAFT *et. al.*, Admr.

R. I. NATIONAL BANK, Appellant, *vs.* ORRAY TAFT *et al.*, Admr.

PROVIDENCE—DECEMBER 11, 1901.

PRESENT: Stiness, C. J., Tillinghast and Blodgett, JJ.

(1) *Insolvent Estate of Decedents. Statute of Limitations. Courts. Executors and Administrators. Probate Law and Practice.*

The jurisdiction of commissioners upon insolvent estates of decedents appointed under Gen. Laws cap. 215, extends only to the allowance of such claims against the estate as were enforcible by an action at law at the time of the death of the decedent (subject to the statutory provision concerning the allowance of those claims for which special statutory allowance is made elsewhere in said chapter), and any defence which might have been pleaded in law by the decedent in his lifetime is available against the allowance of such claims in the proceedings before the commissioners.

Such defence—as the statute of limitations, payment, or release—may be interposed before such commissioners by any creditor of the estate by virtue of Gen. Laws cap. 215, § 6, which gives the right of appeal to the Supreme Court from the decree of the Probate Court confirming the report of the commissioners, to "any creditor or party interested, with respect to any claim allowed against the estate."

PROBATE APPEAL from the decree of a Probate Court confirming the report of commissioners upon an insolvent estate. Appeal dismissed.

BLODGETT, J.   These are three appeals from the decree of
the Probate Court of Cranston confirming the report of the
commissioners upon the insolvent estate of the late Edward
P. Taft of said Cranston, and are considered together because
the same questions are presented in each case.   The action
of the commissioners which is complained of in the appeals is
thus stated in the record sent up to this court:

"The following claims have been presented to the com-
missioners, viz.:

"The claim of Eugene W. Mason, Trustee for
    Emma A. Taft, for..................... $251,375 25
"The claim of Emma A. Taft for............    36,851 30
"The claim of Rhode Island National Bank for    27,390 00

"Upon the presentation of said claims George L. Collins
and Jane M. Steere, executors of the will of Rebecca A.
Steere, creditors of this estate, whose claim is allowed as
appears above, pleaded the provisions of chapter 234, section
3, of the General Laws, to each of said claims.   To said pleas
each of the said claimants demurred, stating as grounds for
demurrer that the defence given by chapter 234, section 3, is
the personal privilege of a debtor in his lifetime and of the
personal representative of the debtor after the decease of the
debtor, and that the defence cannot be made or maintained
by any other person.

"It was also directly admitted by each of said claimants
that their several claims are in such condition that like pleas
by the administrators of this estate would prevail and defeat
their claims.

"We have considered the questions raised by the pleadings
and facts and have overruled each of said demurrers and
sustained the pleas to each of said claims and hereby report
that, for the reasons herein stated, we disallow, in whole,
each of said claims, viz.:

"The claim of Eugene W. Mason, Trustee for
    Emma A. Taft, for..................... $251,375 25
"The claim of Emma A. Taft for............    36,851 30

"The claim of Rhode Island National Bank
    for............................... 27,390 00"

Section 3 of chapter 234 of the General Laws, referred to in said record, is as follows :

"All actions of account, except on such accounts as concern trade or merchandise between merchant and merchant, their factors and servants, all actions of the case, except for words spoken, all actions of debt founded upon any contract without specialty or brought for arrearages of rents, and all actions of detinue and replevin, shall be commenced and sued within six years after the cause of action shall accrue, and not after."

The third reason of appeal in each case presents the issues now before the court for determination, and is stated in the same language in each case, with the exception that the amount involved and the party appellant differs in each appeal :

"That the said appellant has a just claim against the estate of said Edward P. Taft, amounting to $251,375.25, which said claim the appellant duly presented to said administrators within the time fixed by said Probate Court, in accordance with law, for the presentation of the same, and also duly presented said claim to the commissioners upon said estate, after said estate had been represented as insolvent, within the time allowed for the presentation of said claim to said commissioners. That no objection was made to the allowance of said claim by said administrators, but that George L. Collins and Jane M. Steere, executors of the will of Rebecca A. Steere, claiming to be creditors of said estate, and whose claim against said estate was allowed by said commissioners, pleaded the provisions of chapter 234, section 3, of the General Laws, to said claim of this appellant, and that said commissioners, against the objection of this appellant and solely by reason of said plea interposed by said creditors, as aforesaid, disallowed said claim in whole ; whereas said commissioners should have disallowed said plea interposed by said creditors and have allowed the claim of this appellant, notwithstanding said plea."

The following agreed statement of facts is also made a part of the record in this court :

"It is agreed that the claim of each of said appellants is valid, except by reason of being barred by the statute of limitations, and would have been enforcible against the estate of Edward P. Taft if it had not been so barred by the statute of limitations. It is further agreed that the defence of the statute of limitations was not interposed by the administrators, but that such defence was claimed at the hearings before the commissioners only by George L. Collins and Jane M. Steere, executors of the will of Rebecca A. Steere, who are creditors of said insolvent estate."

Two questions are thus presented upon this record for our consideration :

First. Is the general statute of limitations applicable to proceedings before commissioners upon the insolvent estate of a decedent ; and

Second. If so, can any creditor or other person interested in such estate invoke the aid of said statute, or is that defence one which is peculiar and personal to the executor or administrator alone ?

(1) It may be conceded at the outset that the language of the various sections of chapter 234 of the General Laws refers in terms only to those actions at law which are therein enumerated—*Sessions* v. *Richmond*, 1 R. I. p. 302—and it may be further conceded that the presentation of a claim to commissioners on the insolvent estate of a decedent differs from the institution of an action at law in many respects, among which differences may be noted the entire absence of all pleadings and the further difference that such commissioners are not, strictly speaking, a court.

Article X, section 1, of the constitution contains the following provision : "The judicial power of this state shall be vested in one supreme court and in such inferior courts as the general assembly may, from time to time, ordain and establish."

In *Shurbun* v. *Hooper*, 40 Mich. p. 505, the court said, in speaking of such commissions: "By 'courts,' as the word is

used in the constitution, we understand permanent organizations for the administration of justice, and not those special tribunals provided for by law that are occasionally called into existence by particular exigencies and that cease to exist with such exigencies. . . . Commissioners are appointed to act in a given case and not generally; their appointment is temporary, for a single or transient purpose, and when they have acted in a given case their powers cease." And in *Taylor* v. *Place,* 4 R. I. on p. 334, this court quotes with approval the decision of the Supreme Court of the United States in *United States* v. *Ferreira,* 13 Howard, at p. 48, as follows: "The powers conferred by these acts of Congress upon the judge as well as the secretary, are, it is true, judicial in their nature, for judgment and discretion must be exercised by both of them. But it is nothing more than the power ordinarily given by law to a commissioner appointed to adjust claims to land or money under a treaty; a special power to inquire into or decide any other particular class of controversies in which the public or individuals may be concerned. A power of this description may constitutionally be conferred on a secretary as well as a commissioner, but it is not judicial in either case in the sense in which judicial power is granted by the constitution of the United States." And on page 335 of the same opinion in *Taylor* v. *Place, supra,* the court again quotes with approval the language of the Supreme Court of the United States in *Murray* v. *Hoboken Land & Improvement Co.,* 18 Howard, 280, as follows: "That the auditing of the accounts of a receiver of public moneys may be, in an enlarged sense, a judicial act, must be admitted. So are all these administrative duties, the performance of which involves an inquiry into the existence of facts and the application to them of rules of law. . . . But it is not sufficient to bring such matters under the judicial power that they involve the exercise of judgment upon law and fact."

Section 3, chapter 215, General Laws, provides for the appointment by the Probate Court of three commissioners before whom claims against the estate may be contested.

Section 5 of the same chapter provides that such commissioners must report to the Court of Probate within a certain time upon all " contested claims."

Section 6 of the same chapter provides for a right of appeal to this court by " any person whose claim is not allowed in whole," as well as by any " creditor or party interested with respect to any claim allowed against the estate," and section 9 is as follows :

" Such commissioners, or any one of them, may administer oaths to all persons who shall be called to give evidence in any matter to be tried before them, and may compel the attendance of any witnesses in the same manner and by the same process as courts of record may."   While the proceedings before such commissioners still further differ from the procedure in an action at law before a court of law in that no process issues against any party defendant in the strict sense of that term, and in that their decision has not *ex proprio vigore* the force of a judgment, since it has no effect until it is confirmed by the Probate Court, nevertheless these provisions of the statute contemplate a decision by the commissioners after a full hearing of the evidence adduced by the claimant as well as of the evidence adduced against the allowance of the claim.

We are of the opinion that the jurisdiction of such commissioners extends only to the allowance of such claims against the estate as were enforcible by an action at law at the time of the death of the decedent, subject to the statutory provision concerning the allowance of those claims for which special statutory allowance is made elsewhere in said chapter, and that any defence which might be pleaded in law by the decedent in his lifetime is available against the allowance of such claims in proceedings before commissioners— where, in the strict sense, there are no pleadings.   This must arise from the nature of the case.   Obviously, it would be proper to set up the defence of payment in such a proceeding, or of infancy or guardianship or a release, without pleading any of such defences specially, as would be necessary in an action at law.   And, by parity of reasoning, we are of the

opinion that the statute of limitations may also be invoked in such a case, even without being specially pleaded. Indeed, if action had been brought upon the claim in question against the decedent in his lifetime, he could have pleaded the statute of limitations, and, hence, it may be said that the collection of the claims in his lifetime was enforcible only *sub modo* and not absolutely. Nor do we see cause for enlarging the right of the claimant to an absolute right as a result of the death of the decedent. *In re Hart's Appeal*, 32 Conn. p. 538. An alleged debt cannot properly be said to be due and payable if the claimant cannot by law compel its payment. And the same rule applies in bankruptcy proceedings. *In re Cornwall*, 9 Blatch. p. 135, the court says : "No equity pertains to a prosecutor in a court of bankruptcy to be allowed to enforce a claim which in a court of law and in a court of equity which proceeds in analogy to the statute of limitations, would be rejected. He is in no worse condition than in either of these courts." And see *In re Lipman*, 94 Fed. Rep. 353, and *In re Resler*, 95 Fed. Rep. 804, both decided under the bankruptcy act of 1898. *In re Kingsley*, 1 Lowell, 216 ; *Sawyer* v. *Sawyer*, 74 Me. 579. See also Brandenburg on Bankruptcy, 2d ed., p. 592, and cases cited, and 16 Am. & Eng. Ency. of Law, 2d ed. 684, and cases cited.

And we are further of the opinion that under the provisions of section 6 of chapter 215, *supra*, specifically giving the right of appeal to this court to any "creditor or party interested" with respect to any claim allowed against the estate, any such "creditor or party interested" may interpose any legal defence to the allowance of such claim before such commissioners in the same manner and with the same effect as an executor or administrator may interpose the same defence thereto.

In *Fenner* v. *Manchester*, 6 R. I. 140, which was a suit by a creditor of the estate against the heirs at law to subject the real estate inherited by them to the payment of his debt, the court held that the statute of limitations might be pleaded by the heirs and was a good defence, and see *Waterman* v. *Sprague Mfg. Co.*, 14 R. I. p. 46 ; *In re Kittera's Estate*, 17

Pa. St. p. 423, affirmed in *Hoch's Appeal*, 21 Pa. St. p. 282, and in *Ritter's Appeal*, 23 Pa. St. p. 96, and re-affirmed in the recent case of *Claghorn's Estate*, 181 Pa. St. p. 606, decided in 1897 ; *White* v. *Joyce*, 158 U. S. 145 ; *Richmond Admr. Petitioner*, 2 Pick. 567 ; *Grinnell* v. *Baxter*, 17 Pick. 385 ; *Butler et al.* v. *Johnson*, 111 N. Y. p. 218 ; *In re Kendrick*, 107 N. Y. p. 111 ; *Smith* v. *Pattie*, 81 Va. p. 666.

The case at bar presents the case of an estate which is admittedly insolvent, and in which, consequently, no heir or legatee can have any possible interest, and which is in the hands of the Probate Court for distribution among the creditors, and among the creditors only.   The single function of the commissioners and of the court is to determine who are the legal creditors of the estate, the order of their priority, and the amounts of their several dividends.   From the insolvency of the estate it follows that the allowance of the claim of any one creditor directly diminishes *pro tanto* the dividend of every other creditor and constitutes such a proceeding in effect but a proceeding between the creditors only.   The right of appeal to this court given by the statute to creditors and parties interested must mean by necessary implication that creditors and other parties interested are entitled to be heard before the tribunal from which the appeal is taken, since otherwise the statute is rendered nugatory.   And if they are entitled to be heard at all they are entitled to be fully heard on any legal defence to a given claim as of right, and are not to be precluded from urging any legal defence at the option of the executor or administrator.   Nor is this view inconsistent with the doctrine that the statute of limitations is a personal privilege of the debtor.   So it is when the action is against the debtor.   But when death has removed the debtor the personal privilege dies with him, the defence to the claim is entrusted to others, and this privilege can no longer be exercised.   It has ceased to be his privilege and is the privilege of others.

We do not, however, mean to be understood to decide that an executor or administrator is justified in refusing to contest before such commissioners those claims which he has

reason to believe he can successfully contest by the inter-position of the statute of limitations or other legal defence thereto.

It follows that the claims of the appellant in each case were properly disallowed by said commissioners, and that the appeal in each case must therefore be dismissed, and a decree may be prepared accordingly.   •

*Comstock & Gardner*, for appellants.

*Isaac H. Southwick, Nathan W. Littlefield, Warren R. Perce, Howard A. Lamprey, Herbert Almy, Harry C. Curtis, Edwards & Angell, Frank L. Hinckley, and Frank H. Jackson*, for appellees.