MARY B. THOMPSON *vs.* WILLIAM HOXSIE, Admr. *de bonis non.*

WASHINGTON—JULY 24, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Probate Law and Practice. Executors and Administrators. Statute of Limitations. Allowing Claims Presented.*

A. deceased November 28, 1895, and B. was appointed administrator and published notice of his qualification January 15, 1896. B. deceased July 2, 1898, and C. was appointed administrator *de bonis non* August 1, 1898, publishing his first notice August 16, 1898.

After decision (24 R. I. 493) sustaining defendant's plea, based upon the special statute of limitations, that plaintiff did not bring action against the original administrator or against the administrator *de bonis non* within three years after the first publication of B.'s qualification as administrator, plaintiff replied that: (1) she presented her claim to B. within the time limited by law; (2) that B. allowed the claim and promised to pay it; (3) that after the decease of B., and within the time limited by law, she presented her claim to the administrator *de bonis non;* (4) that said administrator *de bonis non* never filed in the Probate Court any statement allowing or denying the validity of the claim, and never gave notice that it was disputed:—

*Held,* that the case was governed by the provisions of the Public Statutes and not by the General Laws, and, under the former, the administrator *de bonis non* was not obliged to file in the Probate Court any statement of claims allowed or disallowed by him.

(2) *Special Statute of Limitations. Waiver by Administrator.*

*Held,* further, that the special statute of limitations, which limits the time within which an action can be brought against an administrator in his official capacity, is imperative and cannot be waived by him. This statute absolutely extinguishes the right of the claimant, instead of affecting the remedy merely, and no admission or promise by the administrator can operate to affect the statute.

*Quære,* whether it is the duty of an executor or administrator to interpose the general statute of limitations, when available as a defence; but see *Mason* v. *Taft,* 23 R. I. 388.

TILLINGHAST, J. The pleadings in this case, up to the present stage thereof, fully appear in the opinion of this court, by Stiness, C. J., reported in 24 R. I. p. 494. There we sustained the defendant's third plea, which was based upon the special statute of limitations, on the plaintiff's demurrer to said plea, which plea alleged that the plaintiff did not bring her action against Samuel H. Cross, the original administrator, or against William Hoxsie the administrator *de bonis non*, within three years after the first publication of the notice of Cross's qualification as administrator, and setting up the bar of Pub. Stat. R. I. cap. 189, § 8, which reads as follows:

"No action shall be brought against any executor or administrator in his said capacity within one year after the will shall be proved or administration granted, nor after three years from the time of such proof or grant, except for the causes mentioned in section seventeen of chapter one hundred eighty-six, provided notice of his appointment be given according to law, said periods to be reckoned from the time of giving such notice."

The plaintiff's demurrer to the defendant's fourth plea was sustained by this court in said opinion. This plea differed from the third in that it set up the bar of two years' limitation under Gen. Laws R. I. cap. 218, § 9.

It will thus be seen that the court, following *Gunn* v. *Kelliher*, admr., 20 R. I. p. 180, held that, inasmuch as the action was commenced February 15, 1900, which was more than three years after the time when the original administrator, Samuel H. Cross, qualified as such, the action could not be maintained, as said section of the Public Statutes above quoted alone applied and was a complete bar to the action.

The plaintiff now files a replication to said third plea, in which she alleges (1) that she presented her claim to said Cross, as administrator, within the time limited by law; (2) that said Cross allowed her said claim and promised to pay the same; (3) that after the decease of said Cross, and within the time limited by law, she presented her claim to the administrator *de bonis non;* and (4) that said administrator *de*

*bonis non* never filed in the Probate Court any statement allowing or denying the validity of plaintiff's claim, and never gave notice that it was disputed.

(1)     To this replication the defendant demurs, on the ground that it is insufficient, invalid, and ineffective.

The argument of plaintiff's counsel in support of this replication is that under the provisions of Pub. Stat. R. I. cap. 189, § 8, the plaintiff could have brought suit upon her claim at any time up to January 15, 1899, this being the time when the three years from the date of the first publication of notice by Mr. Cross expired. He then takes the position, as we understand from his brief, that as Mr. Hoxsie the defendant was appointed administrator *de bonis non* August 1, 1898, under the provisions of the General Laws, which took effect February 1, 1896, the case is governed by the provisions thereof, and not by the provisions of the Public Statutes which were in force at the time of the appointment and qualification of the first administrator. And the specific claim made is that section 14 of chapter 218 of the General Laws, providing for the continuity of time limits through successive administrations, is *new*, and is not found in said Public Statutes. Said section reads as follows:

"When an executor or administrator, after qualification, dies, resigns, or is removed, without having fully administered the estate of the deceased, and a new administrator is appointed, such new administration shall be deemed to be a continuation of the preceding administration, and all limitations which could be claimed for or against the predecessor shall be claimed and enforced by such successor: *Provided, however,* that the time when there is no representative of the estate shall not be reckoned as part of the periods for the presentation or proof of claims or limitations for bringing suits; and such periods, and generally the periods referred to in this and the preceding title, where no provision to the contrary is made, shall be reckoned exclusive of such time."

Even conceding, for the purposes of the argument, that this section is applicable to the case before us, it furnishes no support for the position taken. On the contrary, it is directly

opposed to such position, in that it clearly provides that the new administration, which is that of Mr. Hoxsie, is merely a continuation of the preceding administration, namely, that of Mr. Cross. And as it appears that more than three years, not counting the interim, had elapsed after the appointment and qualification of Mr. Cross before the suit was instituted, the special statute of limitations hereinbefore referred to is a full and complete bar to the action. But, as held by this court in the former opinion, the case, in so far as it pertains to the estate of William C. Pendleton, the intestate, is governed by said Public Statutes, and not by the General Laws. And, as under said Public Statutes the administrator *de bonis non* was not obliged to file in the Probate Court any statement of claims allowed or disallowed by him (see *Barber* v. *Collins,* 18 R. I. 763), the plaintiff's allegation in her replication, that within the time limited by law she presented her claim to him, and that he never filed any statement allowing or denying the validity thereof, and never gave notice that the claim was disputed, is of no account. For, as argued by defendant's counsel, "presentation alone would avail nothing, and unless suit was begun within three years, the claimant would be remediless."

But even assuming again that the plaintiff's claim as against said Hoxsie, administrator, is governed by Gen. Laws R. I. cap. 215, §§ 2 and 3, as argued by counsel in her behalf, still it is clear that she has no standing in court. For under section 2 of that chapter, construed, as it must be, as directed in section 1, the time within which the plaintiff's claim could be presented to the administrator had expired long prior to its presentation to Hoxsie, as appears in said replication. So that he was not called upon to pay any attention thereto. And even if he had, his action would have given the plaintiff no standing as a claimant against the estate. Neither under the Public Statutes nor under the General Laws, therefore, has the plaintiff any cause of action against the defendant, by reason of that part of the allegations of the replication now under consideration.

(2) We come now to consider the only really new point in the

case, namely, the allegation in said replication that Mr. Cross, the first administrator, allowed the plaintiff's claim and promised to pay the same out of said estate. This raises the question whether an executor or administrator can so waive the special statute of limitations as to bind the estate. We think it is clear that this question must be answered in the negative. The authorities, so far as we are aware, are entirely uniform in holding that "the special statute of limitations, otherwise termed the statute of non-claim, which limits the time within which an action can be brought against him in his official capacity, is imperative and cannot be waived." Vol. 7, Am. and Eng. Ency. of L. 1st ed. pp. 283–4, and cases cited; Wood on Lim. 3rd ed. 428, and cases collected in note 3.

The purpose of these special statutes of limitations is to secure a speedy settlement of the estates of deceased persons, and they exist independent of and collateral to the general statute of limitations. In *Atwood* v. *Bank*, 2 R. I. 196, Greene, C. J., in delivering the opinion of the court, quoted the following from Judge Story's opinion in *Pratt* v. *Northam*, 5 Mason, 95, relating to the object of such a statute: "This statute of limitations as to executors and administrators, is not created for their own security or benefit, but for the security and benefit of the estates which they represent. It is a wholesome provision, designed to produce a speedy settlement of estates, and the repose of titles derived under persons who are dead." See also *Bank* v. *Stockholders, etc.*, 6 R. I. 154.

In *Wiggins, admr. of Lovering*, 9 Mo. 262, the court say: "Although an acknowledgment by an executor or administrator after the time limited by the general statute, may revive a debt against a testator or intestate," (the decided weight of authority, however, in this country, is now to the contrary; Wood on Lim. § 190, and cases cited), "yet his acknowledgment will not have the effect to take the debt out of the special statute. For he is bound *virtute officii* to plead the latter, whenever a debt is claimed which would be barred by it, and therefore no admission or promise can operate to

defeat the statute so pleaded. Such statutes are for the benefit of the heirs and devisees, in order to discharge their estates within a reasonable time from the lien of the debts of the deceased."

Whether an executor or administrator is bound to invoke the general statute of limitations as a defence to actions brought against him when said defence is available, we are not now called upon to decide; although we may remark in passing that it is generally laid down as the law that he is not bound to plead such statute. See vol. 7, Am. & Eng. Ency. of L. 1st ed. pp. 282–3 and cases cited; Wood on Lim. 3d ed. 428; Woerner's Am. Law of Adm. 2d ed. vol. 2, *p. 842, § 401; *Emerson* v. *Thompson*, 16 Mass. 429. In a number of States, however, by statutory provision, the executor or administrator is bound to set up the bar of such general statute when it is available as a defence. See Woerner, *supra,* *pp. 843–5.

While we do not wish to be understood as expressing any definite opinion regarding the duty of an executor or administrator to interpose the bar of the general statute of limitations when available as a defence, yet we will call attention in this connection to the opinion of this court as announced by Blodgett, J., in *Mason* v. *Taft*, 23 R. I. 388. See also *Fenner* v. *Manchester*, 6 R. I. 140; *Butler* v. *Johnson*, 111 N. Y. p. 212.

As the cases in support of the position which we have taken relative to the main question now under consideration are entirely uniform, there is no occasion for making further reference thereto. And as the result of said authorities is to the effect that when such special statute of limitations has run it absolutely extinguishes the right of the claimant, instead of affecting the remedy merely, as may be the case under the general statute of limitations, nothing remains upon which to base an action like the one before us.

The defendant's demurrer to said replication is sustained, and the case remanded for further proceedings.

*John W. Sweeney,* for plaintiff.

*A. B. Crafts,* for defendant.