Albert A. Kenyon, Admr., *vs.* Probate Court of East
Greenwich.

MAY 28, 1906.

Present:   Douglas, C. J., Blodgett, Johnson, and Parkhurst, JJ.

(1)   *Probate Law.   Special Statute of Limitations.   Extinguishment of Claim.*

As a claim against the estate of a decedent is absolutely extinguished by the special statute of limitations if not sued within two years from the publication of notice of the appointment of the administrator or executor, a claim paid by an administrator after such period has expired without suit having been brought will be disallowed, upon objection to his account.

Appeal from decree of Probate Court.   Heard on appellant's

bill of exceptions, after verdict for appellees in the Superior Court. Exceptions overruled.

DOUGLAS, C. J. This case is an appeal from a decree of the Probate Court of East Greenwich disallowing an item in the account of the administrator of Thomas E. Kenyon, deceased.

Thomas E. Kenyon died in East Greenwich, June 20th, 1896. Albert A. Kenyon was appointed administrator on his estate in October, 1899, and published his first notice of appointment November 9, 1899. In March, 1900, Thomas E. Kenyon, Jr., a son of the decedent, presented to the administrator a claim in writing for $6,976.67 against the estate. The administrator admitted the justice of the claim at the time when it was presented, but filed no statement, either of allowance or disallowance, in the Probate Court. On January 10, 1902, Thomas E. Kenyon, Jr., brought suit against the administrator on the claim. On the 7th of December, 1903, the administrator settled the claim by the payment of $6,000 to Thomas E. Kenyon, Jr., and the suit was discontinued. Thereafterwards the administrator presented his account to the Probate Court of East Greenwich, in which he credited himself with the $6,000 paid in settlement of the claim. The Probate Court refused to allow this item of the account, and the administrator appealed to the Superior Court. The cause came on for jury trial in that court at the September session, 1905, for the county of Kent, and after the appellant had presented his testimony and the cause had been argued to the jury by counsel for the appellant and for the appellee, the court ruled, as a matter of law, that the claim had been absolutely extinguished by the special statute of limitations, which provides that an action must be brought against the administrator within two years, etc., etc., and if an administrator takes the responsibility of paying such claim, and objection is made afterwards, the claim should be treated as if it had never existed, and directed the jury to render a verdict in favor of the appellee, and against the allowance of said item in said account, in words following, that is to say:

"The jury finds especially that the item of $6,000 charged

in the account of Albert A. Kenyon, administrator of the estate of Thomas E. Kenyon, as paid to Thomas E. Kenyon, Jr., is not a valid claim against the estate of Thomas E. Kenyon, and should be disallowed in said account."

To all of these rulings and directions of the court, and to the entry of the verdict in accordance therewith, the administrator objected, and, his objections being overruled, took exceptions thereto. And his bill of exceptions has been duly perfected and allowed and entered in this court.

As the estate was "pending before the Probate Court" when the court and practice act went into effect, the case is governed by the provisions of the General Laws of 1896.

We think the ruling of the Superior Court and the direction of the verdict were right. In *Thompson* v. *Hoxie*, 25 R. I. 377, after a very careful consideration of the statutes and authorities upon this question, the court held that a claim against the estate of a deceased person is absolutely extinguished by the special statute of limitations if not sued within two years from the publication of notice of the appointment of the administrator or executor; and we can not hold that the administrator may pay a claim out of the assets of the estate when the law requires him to plead this statute against it if it is sued. See also *Mun. Court* v. *Wilbour*, 23 R. I. 96.

The claimant cites, as applicable to this case, Gen. Laws cap. 215, § 2, which, after prescribing the time within which claims must be presented to the administrator, concludes: "No claims other than those presented as aforesaid can be enforced against said estate, but other just claims may be paid by the executor or administrator of solvent estates out of assets in his hands at any time."

It might be said, in answer to this contention, that, after a claim against the estate has been extinguished by lapse of time, as held in *Thompson* v. *Hoxie, supra,* it is no longer a "just claim;" but the clause, taken with its context, must be construed as giving the executor or administrator the right to waive the preceding provisions of the section only, and not as having the broad application which the words by themselves would import. There is no such power given in connection

with the special statute of limitations, which the court has held to be imperative.

The cases cited by the administrator's counsel have no application to this case.

It was held in *Boyer* v. *Marshall*, 5 N. Y. St. Rep. 431, that where an administrator had extinguished a just claim against the estate by giving his personal note therefor before the claim was barred by the statute he could charge the amount against the estate, although the note was not paid till afterwards. And in *Ames* v. *Jackson*, 115 Mass. 508, it was held that when a similar claim, before it was barred, was assumed by the verbal promise of the administrator to pay it himself, the obligation was one to which he was not bound to plead the statute of frauds, and, having paid it, he could claim a credit for his payment in his account.

There is no evidence in the present case that the administrator assumed the claim as his personal debt, or was understood by the claimant to have done so. On the contrary, after the claim was barred by the statute suit was brought upon it against him as administrator, and it was to settle this suit that the money was paid.

The exceptions are overruled, and the cause is remanded to the Superior Court for entry of its decree upon the verdict and subsequent proceedings.

*Samuel W. K. Allen, and Walter F. Angell,* for appellant.
*P. Henry Quinn, and Job S. Carpenter,* for appellees.