MARGARET GILBANE *vs.* JOHN B. HAWKINS, Admr.

MAY 13, 1909.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Probate Law and Practice. Action against Administrator. Exceptions.*

In an action against A. B., administrator of the estate of C. D., where the declaration contained the common counts and averred the contracting of the indebtedness, and a promise, by the defendant only, the judgment is a personal judgment upon which execution could only issue *de bonis propriis,* and not against the estate; hence a bill of exceptions by residuary devisees discloses no interest on their part in such judgment, and the bill will be dismissed.

ASSUMPSIT. Heard on exceptions of certain devisees claiming to be parties in interest, and bill dismissed.

BLODGETT, J. An examination of the papers in the case which form the basis for the bill of exceptions and petition for a trial within a year, respectively, shows that the action is brought against the defendant personally and not against him in any representative capacity. The declaration contains only the common counts, and avers the contracting of the indebtedness by the defendant and a promise by the defendant only. There is no count setting forth any act by the defendant's intestate in his lifetime, and no count upon which to sustain a judgment against the estate of which the defendant is alleged to be the administrator. Even if the words in the writ and declaration which follow the name of the defendant, viz.: "Administrator of the Estate of James Gilbane, deceased, late of Central Falls, in said County," could be so read as to describe the defendant as executor of the will of said James Gilbane, as we understand the fact is conceded to be, it is perfectly clear that even then, in view of the allegations in the declaration, these words must be considered simply as *descriptio personæ* and not otherwise.

Inasmuch as the judgment is a personal judgment, upon which execution can only issue *de bonis propriis*, and is not a judgment against the estate of James Gilbane, it follows that neither the petition for a trial nor the bill of exceptions discloses any interest in the judgment on the part of either James H. Carney or Bridget Carney, although conceded to be, respectively, residuary devisees and legatees under the will of said James Gilbane, and the petition and bill of exceptions are accordingly denied and dismissed, and the papers in the case will be returned to the Superior Court.

*Hugh J. Carroll*, for plaintiff.
*Edward De V. O'Connor*, for defendant.
*Edward M. Sullivan*, for James H. Carney, *et al.*