JAMES H. CARNEY *et al., vs.* JOHN B. HAWKINS, Ex'r.

MAY 27, 1912.

PRESENT: Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

*(1)   Probate Law.   Account of Executor.   Evidence.*

On a probate appeal from the allowance of an account of an executor, the only evidence submitted was offered by the appellants and only as to certain

## 298  CARNEY *v.* HAWKINS.  [34

of the items objected to. While the account of the executor sworn to was submitted it did not appear that the account was submitted by or sworn to· by him in court, or that the executor was present so that he could be cross-examined, nor that the appellants consented to the admission of the account as *prima facie* evidence, and waived proof of the items of the account:—

*Held*, that the procedure was irregular, since the mere presentation of the account from the Probate Court was not evidence of the correctness or propriety of the items, and should not have been accepted by the court except by stipulation of the parties, and in allowing the items the court acted without evidence and so without authority.

*(2) Probate Law. Account of Executor. Appeal. Procedure.*

Under rule 14 (law rules) of the Superior Court, on appeal from an account of an executor or administrator, the administrator or executor who presented the account in the Probate Court is "the party holding the affirmative" and should proceed to present the account and vouchers or other evidence in support of the items as to which appeal is claimed, at the outset, otherwise there is no evidence as to which appellants are required to offer any testimony.

*(3) Probate Law. Account of Executor.*

Where it appears that an execution settled by an executor was on a personal judgment against himself and not against the estate, the item is properly disallowed.

*(4) Probate Law. Amendment. Actions.*

After disallowance of a claim filed in a Probate Court, claimant brought suit against the executor personally, and more than a year after notice of such disallowance, by agreement of parties the writ and declaration were amended so as to make it a suit against the estate:—

*Held*, that the attempted amendment of the suit was in legal effect the institution of a new suit against the executor after the statutory period of limitations of six months, under C. P. A., § 891, had taken effect, and the payment of a judgment on such action by the executor should be disallowed.

*(5) Probate Law. Special Statute of Limitations. Waiver.*

A claim against an estate of a decedent is absolutely extinguished by the special statute of limitations if not sued within six months after notice of disallowance; this cannot be waived by the executor, and if he attempts to do so the court will, on its own motion, apply the rule of the statute.

*(6) Amendment. Pleading.*

Amendments permitted by statute to pleadings do not include such amendment as would make one suit into another of a different form or for a different cause of action.

PROBATE APPEAL. Heard on exceptions of appellant, and sustained.

PARKHURST, J. This case is a probate appeal from the Probate Court of the city of Central Falls, which was taken by the appellants as residuary devisees under the will of James Gilbane, from the allowance of the account of Hawkins, Executor, by said probate court, and the reasons of appeal specify the items intended to be contested, as follows, viz.:

Paid on execution in case of John J. Gilbane.... $77 20
Paid in settlement of case of Margaret Gilbane v.
    Estate................................. 500 00
E. DeV. O'Connor, Atty. fees.................. 600 00
Retained for services........................ 214 00
Monument erected in cemetery................ 350 00

After hearing of this appeal before a justice of the Superior Court, without a jury, jury trial having been waived, the justice allowed all of the contested items except that one specified as "Paid on Execution in case of John J. Gilbane, $77.20," which was disallowed.

The appellants excepted to this decision and the case is now before this court upon the bill of exceptions. The decision of the justice states that "His account, sworn to, is submitted by the executor. There was no cross-examination of him by the appellants." But the transcript of testimony does not show that the executor was present in court, or that the account was submitted by him or sworn to by him in court; or that he was present at any time before the court so that he could be subjected to cross-examination. The only evidence submitted was offered by the appellants and consisted of certain papers in several prior suits and proceedings relating to the charges for amounts paid to John J. Gilbane for $77.20, and to Margaret Gilbane for $500. No evidence was offered by the appellants as to the other items of the account, set forth in the reasons of appeal. Nor does it appear upon the transcript, that the appellants formally consented to the introduction and admission of the account sworn to by the executor, as *prima facie* evi-

dence of the correctness and propriety of the items therein charged, and waived the proof of the items of the account, as to which they had taken their appeal. This procedure was highly irregular. The mere presentation of a copy of the sworn account of the executor, produced with other papers from the probate court, as a part of the record of the probate court, to show what the appeal relates to, is not evidence of the propriety and correctness of the items of the account, and should not have been accepted as such by the trial judge, unless expressly stipulated by the parties. Upon appeal from a decree allowing an administrator's or executor's account by the probate court, the administrator or executor, who presented the account for allowance (2) in the probate court, is "the party holding the affirmative" under Rule 14 (law rules) of the Superior Court, and should proceed in due form at the outset to present his account and the vouchers showing his expenditures, or other evidence in support of the items of the account as to which the appeal is claimed, so that the court may at the outset have evidence before it as to the contested items. Unless this procedure is followed, there is no evidence before the court upon which it can act as to the allowance or disallowance of the contested items, or upon which the appellants are required to offer any testimony (unless by stipulation as above referred to, which in this case there is nothing to show).

We find, therefore, in this case, that the record does not show that the appeal was ever properly presented to the trial judge, or that there was any evidence before him as to the last three items of the account above set forth showing whether or not the several sums of $600, $214, or $350 had been actually expended, or as to the propriety of the same as credits to the account. So that we find that, when the trial judge allowed these items, as he did in his decision, he acted without evidence, and so without authority; and as to the allowance of these items, therefore, we sustain the appellants' exception to his decision.

As to the other items in dispute, the transcript does show

that evidence was offered by the appellants, upon which the trial judge could and did act. The item, "Paid on execution in case of John J. Gilbane, $77.20," appears to have been based upon a judgment of the District Court, and an in-

(3) spection of the papers presented and referred to in the transcript shows that the judgment upon which the execution was issued was a personal judgment against said Hawkins, and not a judgment against the estate of James Gilbane, and so the same was properly disallowed. As to the claim of Margaret Gilbane, evidence also appears fully showing the basis of the claim and the proceeding relative thereto, and as to this claim we think the evidence was sufficient to warrant the trial judge in considering the same and making a finding thereon.

(4) As to this claim of Margaret Gilbane, it has been before this court, in two prior proceedings (*Gilbane* v. *Hawkins*, 29 R. I. 502; *Carney* v. *Superior Court*, 30 R. I. 276). From these cases it appears that Margaret Gilbane filed her claim against the estate of James Gilbane in the probate clerk's office seasonably after the death of James Gilbane, for the sum of $768; that these appellants objected to the allowance of the claim, and the same was disallowed by the executor; that thereafter suit was brought by Margaret Gilbane, in the District Court, for the sum of $500, remitting $268, and that the appellants attempted to defend this suit by consent of the executor, and by their attorney in the District Court, did in the name of John B. Hawkins, claim a jury trial and the case was certified to the Superior Court upon such claim. After it got there, Hawkins submitted to judgment for $500, and the case was brought to this court upon exceptions alleged by these appellants, claiming the right to defend said suit. Upon examination of the papers in this court it was found that the action was brought against the defendant Hawkins personally, since it appears in the writ and declaration that the plaintiff declares against Hawkins on a contract of indebtedness and a promise by him only, without any allegation to show that it was originally an

indebtedness of the deceased James Gilbane; and for that reason, because the judgment was not against the estate, the devisees under the will of Gilbane had no interest in it, and their proceedings to set it aside were dismissed. (*Gilbane* v. *Hawkins*, 29 R. I. 502.) Subsequently when the same suit had been remitted to the Superior Court, the parties on May 19, 1909, attempted to so amend the suit as to make it a suit against the estate of James Gilbane, by agreement signed by attorneys and filed in the Superior Court, whereby the former judgment was vacated, and the writ and declaration were amended; and, on May 21, 1909, the attorneys filed an agreement in said Superior Court, whereby defendant, as executor under the will of James Gilbane, submitted to judgment for plaintiff for $500, upon the amended writ and declaration.

It is to be noted that the claim of Margaret Gilbane was disallowed by the executor May 7, 1908, and she was notified of such disallowance on the same day. So that it appears that more than a year elapsed, before the writ and declaration were so amended, as above set forth, as to appear on their face to be an action against the estate.

It is the opinion of this court, that, under the circumstances as above set forth, the amendment above set forth, whereby a suit, originally commenced against Hawkins individually, was, after more than a year from the notice of disallowance of the claim, converted into an action against the estate, was invalid. The provision of law applicable to a suit on a disallowed claim against an estate, at the time this suit was brought is found in the Court and Practice Act, as follows: "Sec. 891. If the estate is solvent, and commissioners are not appointed, suit must be brought on a disallowed claim within six months after notice is given to the creditor that the same is disallowed; and unless otherwise authorized, suit on such claims shall not be brought thereafter against the executor or administrator." It is manifest that the original suit brought by Margaret Gilbane against John B. Hawkins, being a suit against Hawkins personally

and not against the estate of James Gilbane, was not a suit brought within six months after notice of disallowance in contemplation of the statute above quoted. And it is equally clear that the attempted amendment of the suit as above set forth was, in legal effect, the institution of an entirely new suit against the executor, after the statute of limitations had taken effect.

The action in which judgment has been entered against the executor of the will of appellants' testator was not instituted within six months after notice to claimant of disallowance of the claim, and is therefore null and void under the special statute of limitations.

(5)  A claim against the estate of a deceased person is absolutely extinguished by the special statute of limitations if not sued within six months after notice of disallowance of the claim. *Kenyon* v. *Prob. Court,* 27 R. I. 566; *Thompson* v. *Hoxsie,* 25 R. I. 377; *Mason* v. *Taft,* 23 R. I. 388. The executor cannot waive the special statute of limitations, and when he attempts to do so the court will, on its own motion, upon discovering the fact, apply the rule of the statute. *Kenyon* v. *Prob. Court, supra; Thompson* v. *Hoxsie, supra.*

It has frequently been decided by this court that the (6) amendments permitted by our statute, do not include such amendment as would make one suit into another suit of a different form or for a different cause of action. *Wilcox* v. *Sherman,* 2 R. I. 540; *Thayer* v. *Farrell,* 11 R. I. 305; *Barnes* v. *Mowry,* 11 R. I. 420; *Dowling* v. *Clarke,* 13 R. I. 650; *Viall* v. *Town Council,* 18 R. I. 405.

We are of the opinion that the suit as it was finally amended by authority of the Superior Court, was a suit for a different cause of action against a party not the defendant in the original suit, and that the attempted amendment was a nullity, and therefore that the judgment rendered thereon was a nullity as against the estate of James Gilbane; that therefore the executor was not authorized to pay such judgment, and that this item in his account should have been disallowed by the Superior Court.

The appellants' exception, to the decision of the trial judge, is therefore sustained; and the case is remitted to the Superior Court for a new trial, as to all the contested items of the account, except as to the item of $77.20 which was disallowed, and except also as to the item of $500 paid in settlement of case of Margaret Gilbane, as to which it is ordered that the same be disallowed.

*Edward M. Sullivan,* for appellants.

*Hugh J. Carroll,* for appellee.