Barbara Cox *vs.* Anna J. Amend, *Administratrix.*

MARCH 3, 1964.

Present: Condon, C. J., Roberts, Powers and Joslin, JJ.

Roberts, J.   This is an appeal to the superior court from a decree of the probate court of the city of Providence allowing the first and final account of the administratrix of the estate of Joseph A. Lavigne.  The appeal was heard by a justice of the superior court sitting without a jury who thereafter gave decision for the administratrix and denied the appeal.  The matter is before this court on the appellant's exception to that decision.

It appears that Joseph A. Lavigne died intestate on February 23, 1962 and that subsequently Anna J. Amend, here-

inafter referred to as the appellee, was appointed administratrix of his estate. It is not disputed that thereafter a claim in excess of $8,000 against the estate was filed in the probate court and with the administratrix by Barbara Cox, hereinafter referred to as the appellant, and was not disallowed. It further appears that the total assets of the estate amounted to $444.15. The account of appellee here under consideration indicated that $20.60 was expended by her for expenses of administration and that the remainder of $423.55 was paid to an undertaker as funeral expenses. It is agreed that no claim for funeral expenses was filed against the estate by the undertaker.

The appellant urges that the trial justice erred in denying her appeal and sustaining the allowance of the instant account because, she argues, it is a claim against the estate of a decedent and under the provisions of G. L. 1956, §33-11-4, a statement thereof must be filed in the office of the clerk of the probate court and that, when not so filed within the time period specified therefor, it is barred by the provisions of §33-11-5. In short, appellant argues that because the undertaker did not file a statement of his claim for the funeral expenses pursuant to said §33-11-4, the administratrix cannot credit herself with its payment in her final account.

The question then is primarily whether funeral expenses are the subject matter of a claim within the purview of §§33-11-4 and 33-11-5. Section 33-11-4 provides: "All persons having claims, including pending suits, preferred claims and claims of the executor or administrator, against the estate of a deceased person shall file statements of their claims in the office of the clerk of the probate court. Each statement of claims other than that filed by an executor or administrator shall contain an affidavit that a copy of the statement was transmitted by hand delivery or forwarded to the executor or administrator or his attorney of rec-

ord by registered or certified mail, return receipt requested." Section 33-11-5, so far as its provisions are pertinent here, reads: "Claims shall be filed within six (6) months from the said first publication. Claims not filed within six (6) months from said publication shall be barred * * *."

The trial justice took the view that funeral expenses are not within the purview of §33-11-4 because they are not debts of the deceased. In short, he construes §33-11-4, requiring the filing of statements of claims, as having application only to debts incurred by the decedent. In his decision the trial justice, referring to the funeral expenses, said: "It is not a debt that is left by the deceased at the time of his death. * * * I think that is the fundamental reason why the distinction is made between charges against the estate and debts of the decedent. * * * It is a proper charge against the estate, being reasonable in amount."

The distinction which the trial justice makes between debts of a decedent and charges against his estate is clearly disclosed in the provisions of §33-12-1. In enacting this section the legislature clearly specifies the obligations that are chargeable to the estate of the decedent. The statute reads: "The estate, real and personal, of every deceased person shall be chargeable with the expenses of administration, including allowances to widow and family, the funeral charges of the deceased, including the cost of a place of burial, if necessary, and the payment of his debts; and the same shall be paid by the executor or administrator out of the estate, so far as the same shall be sufficient therefor."

It is clear from the statute that the estate of a decedent is charged, to the extent its assets suffice, with payment of the expenses of the administration thereof, the funeral expenses, and the debts of the decedent. The distinction thus made therein between debts of the decedent and the expenses of administration and funeral expenses is reflected

in §33-12-11, which provides for the order in which "payment of his debts and charges" shall be made. The order of preference as therein stated is, first, the expenses of administration, second, the necessary funeral expenses, and thereafter the payment of the debts in the order prescribed. The instant case raises the question as to whether all of the obligations that are thus made charges upon the estate of the deceased person are at the same time claims against the estate of the deceased person within the purview of §33-11-4 and therefore subject to the provisions thereof as to the filing of statements of claims.

In *McLeod* v. *Fielder*, 79 R. I. 321, this court passed upon the question as it relates to those matters which constitute expenses of the administration of an estate and held that they are distinct from those charges against an estate which arise out of the incurring of debts by the decedent during his lifetime. At page 323 of that opinion we said: "* * * there is a basic distinction between debts of a decedent and expenses of the administration of his estate and that the latter do not stand on the same ground as his debts in respect to such estate. * * * It is not necessary for their payment that they be filed as a claim or debt against it." It is clear then that this decision stands for the proposition that those expenditures which constitute expenses of the administration of an estate are not within the purview of §33-11-4 requiring the filing of statements of claims.

It is our opinion that the distinction thus made in *McLeod* v. *Fielder, supra,* between expenses of administration and debts of the decedent properly may be applied to situations in which the funeral expenses of the deceased have been contracted for by the estate either directly or indirectly. The obvious purpose of §33-11-4 is to provide executors and administrators with notice concerning the extent and nature of claims outstanding against the estates they administer in order to enable them to effect a prompt and

orderly settlement thereof. See *Thompson* v. *Hoxsie,* 25 R. I. 377, 381. When funeral arrangements have been made by the estate or by someone entitled to bind the estate, such notice to the executor or administrator would be superfluous, and we will not assume that the legislature intended to burden these fiduciaries with the necessity of giving notice to themselves of that concerning which they already have, or should have, actual knowledge. In brief, it is our opinion that the expenses of the funeral of a deceased person contracted for by the estate, either directly or indirectly, are not claims against a deceased person within the meaning of §33-11-4.

Claims for the expenses of the funeral of a deceased person incurred by someone other than the fiduciary and concerning which such fiduciary is without knowledge might well be claims against the estate of a deceased person within the meaning of said §33-11-4 and subject to the requirement thereof that a statement concerning such claims be filed within six months of the date of first publication or barred. The record here, however, discloses that the administratrix paid the funeral expenses, a charge upon the estate under her control, directly from the assets of that estate and clearly had knowledge that such services had been contracted for on behalf of the estate.

The appellant's exception is overruled, and the case is remitted to the superior court for the entry of judgment on the decision.

*Pontarelli & Berberian, Aram K. Berberian,* for appellant.

*Edwards & Angell, Charles G. Edwards,* for appellee.